EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico<br><br>Recurrido<br><br>v.<br><br>Wilfredo Suárez Alers<br><br>Peticionario | Certiorari<br><br>2006 TSPR 83<br><br>167 DPR \_\_\_\_ |

Número del Caso: CC-2005-152

Fecha: 11 de mayo de 2006

Tribunal de Apelaciones:

        Región Judicial de Aguadilla

Juez Ponente:

        Hon. Jocelyn López Villanova

Abogado de la Parte Peticionaria:

        Lcdo. Edgardo Medina Torres

Oficina del Procurador General:

        Lcda. Zaira Z. Girón Anadón
        Procuradora General Auxiliar

Materia: Actos Lascivos

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrido

       v.

                                CC-2005-152

Wilfredo Suárez Alers

    Peticionario

Opinión del Tribunal emitida por la Juez Asociada señora Rodríguez Rodríguez

San Juan, Puerto Rico, a 11 de mayo de 2006

Nos corresponde determinar en esta ocasión, si el Tribunal de Primera Instancia, Sala Superior, Asuntos de Menores, podía renunciar a su jurisdicción en un caso de un menor ofensor de trece (13) años de edad a la fecha de los hechos delictivos, quien al presentarse la queja en su contra había ya advenido a la mayoridad, para que fuese procesado como adulto.

I

El 15 de octubre de 2003 la Procuradora de Menores presentó una queja en el Tribunal de Primera Instancia, Sala Superior de Aguadilla, Asuntos de Menores, contra el joven Wilfredo Suárez Alers por

hechos ocurridos el 25 de julio de 1994. En la queja se le imputó a Suárez Alers haber incurrido, alegadamente, en el delito de actos lascivos o impúdicos cometido contra el menor M.B.E. Se indicó en la misma que para la fecha de los hechos el imputado tenía quince (15) años de edad, ya que se señaló como fecha de nacimiento el 22 de octubre de 1978; la víctima contaba con siete (7) años de edad.

La vista de causa de aprehensión se celebró el mismo 15 de octubre y posteriormente se celebró la vista para la determinación de causa para presentar querella. Así las cosas, el 19 de marzo de 2004, se celebró una vista para atender la petición de renuncia de jurisdicción presentada por la Procuradora de Menores. El tribunal de instancia declaró con lugar la misma y denegó una petición de desestimación presentada previamente por el acusado. El foro primario resolvió que tenía jurisdicción sobre el joven imputado debido a que los hechos fueron cometidos mientras éste era menor. Indicó también que, no empece tener jurisdicción, no tenía autoridad para juzgarlo e imponer medidas dispositivas toda vez que al momento de ser procesado, Suárez Alers había advenido a la mayoridad. El tribunal renunció entonces a su jurisdicción y remitió el expediente de Suárez Alers a la sala de lo criminal para que fuese juzgado como adulto.

Posteriormente, el 31 de marzo de 2004 se presentó el pliego acusatorio contra Suárez Alers por el delito de actos lascivos.

El 4 de mayo de 2004, la defensa presentó una moción de desestimación alegando, en síntesis, que la "dilación del Estado" en presentar la denuncia contra Suárez Alers le colocaba en estado de indefensión. Sostuvo que, habiendo transcurrido nueve años desde la ocurrencia de los hechos hasta la presentación de los cargos, se le hacía imposible recordar dónde se encontraba en ese día, lo que impedía que pudiera traer evidencia a su favor en clara violación al debido proceso de ley.

El Ministerio Público, por su parte, se opuso a la solicitud de desestimación. Adujo, que el Estado no había sido negligente ni que había incurrido en incuria toda vez que la dilación no le era atribuible. Señaló que actuó con diligencia una vez le fue notificado de la querella presentada contra Suárez Alers, procurando la correspondiente acción ante el Tribunal Superior, Sala de Asuntos de Menores. Además, indicó que el retraso no había causado perjuicio significativo a la defensa del acusado.

El 20 de agosto de 2004, se celebró la vista para dilucidar a moción de desestimación presentada. En la misma, a petición de la defensa, testificaron la agente Rita Vázquez, quien investigó la querella presentada por el padre del perjudicado, el padre de la víctima, y el licenciado Carlos Acevedo Lazarini. Se presentaron también dos comunicaciones escritas, una de la pediatra que atendió a la víctima recién ocurrieron los hechos y otra de su psicóloga.

Del testimonio vertido en sala se desprende lo siguiente: Primeramente, que el padre del menor supo de lo ocurrido el mismo día de los hechos ya que su hijo le narró lo acontecido. El padre indicó que, preocupado por lo narrado, habló con el licenciado Acevedo Lazarini quien le recomendó que llevara al menor a un psicólogo porque estaba "emocionalmente afectado."

El padre testificó que no llevó a su hijo al psicólogo pero sí a una pediatra. Ésta examinó al niño y en ese momento no encontró rasgo físico de abuso en el área genital del menor; sí encontró un rasguño en el pecho de éste. El padre del menor indicó que por recomendación del licenciado Acevedo Lazarini, decidió enviar a su hijo a residir con un tío en el estado de California.

Seis años más tarde, en el 2000, el menor regresó a Puerto Rico. A su regreso, éste fue atendido durante tres años por una psicóloga. Posteriormente, el padre decidió presentar una querella en la Policía de Puerto Rico contra Suárez Alers.

De la minuta de la vista antes mencionada surge que las partes estipularon lo siguiente: "que no hay controversia en que **el acusado tenía 13 años en la fecha de los alegados hechos.**" (Énfasis nuestro.) Petición de certiorari, Ap., pág. 39.

El 27 de septiembre de 2004, el Tribunal de Primera Instancia emitió una resolución desestimando el pliego acusatorio. El foro primario concluyó que el acusado se encontraba en estado de indefensión ante la injustificada

dilación del padre de la víctima de instar la querella correspondiente. El tribunal *a quo* entendió que habiendo transcurrido nueve años desde que ocurrió el alegado incidente a la fecha en que Suárez Alers fue acusado, el derecho de éste a preparar una defensa adecuada se había vulnerado severamente. Ello, a su vez, incidía sobre el derecho de Suárez a un juicio justo e imparcial.

Inconforme, el Procurador General acudió ante el Tribunal de Apelaciones. Mediante sentencia del 18 de enero de 2005, el foro apelativo intermedió revocó al foro primario. El tribunal apelativo concluyó que la dilación en la presentación de la acusación no era atribuible al Estado toda vez que fue el padre del menor quien, a pesar de tener conocimiento de lo ocurrido, no presentó querella alguna en ese momento. El Tribunal de Apelaciones indicó que el Estado actuó diligentemente pues una vez advino en conocimiento de lo ocurrido, inició rápidamente el trámite correspondiente ante el Tribunal Superior, Sala de Asuntos de Menores.

El Tribunal de Apelaciones señaló también que, aun analizando la alegación genérica del acusado de que la dilación en el procedimiento le impedía preparar adecuadamente su defensa, la misma era insuficiente para configurar "el perjuicio específico y concreto que requiere la doctrina sobre el estado de indefensión." El tribunal concluyó por lo tanto, que la alegación de perjuicio fue abstracta y general por lo cual resultaba improcedente.

En desacuerdo con esta determinación, el acusado acudió ante este Tribunal en petición de certiorari. En su escrito, señaló la comisión de los siguientes errores:

> Erró el Tribunal de el (sic) Tribunal de Apelaciones al resolver que no aplica la defensa de Estado de Indefensión.

> Erró el Tribunal de el (sic) Tribunal de Apelaciones al imponer su criterio (en determinaciones de hechos) sobre el de el (sic) Tribunal de Instancia, sin tener base alguna.

> Erró el Tribunal de el (sic) Tribunal de apelaciones al resolver que el delito no está prescrito y que había jurisdicción sobre el peticionario.

El 13 de mayo de 2005 expedimos el auto solicitado. Las partes han comparecido y contando con el beneficio de sus alegatos pasamos a resolver.

## II

La Ley de Menores de Puerto Rico, Ley Núm. 88 de 9 de julio de 1986, según enmendada, 34 L.P.R.A. secs. 2201 *et seq.*, ("Ley de Menores") refleja un enfoque penal ecléctico en el cual se intenta armonizar la función de *parens patriae* del Estado de velar por la rehabilitación del menor ofensor, a la misma vez que le exige a éstos responsabilidad por sus actos. Ello, sin minimizar la responsabilidad del Estado de velar por la seguridad de la sociedad en general. Véase Exposición de Motivos de la Ley de Menores de 1986. Véase además, D. Nevares Muñiz, *Derecho de Menores: Delincuente juvenil y menor maltratado*, 5ta ed., Instituto para el Desarrollo del Derecho, Hato Rey, 2005, secs. 1.1.2 – 1.2, págs. 4-10; Morán, "Sistema

de justicia juvenil, exclusión de jurisdicción, renuncia de jurisdicción", 49 *Rev. C. Abo. P.R.* 105 (1988).

En reiteradas ocasiones hemos indicado que los procedimientos de menores son de carácter civil *sui generis* y no se consideran de naturaleza criminal. *Pueblo en interés menor G.R.S.*, 149 D.P.R. 1, 10 (1999); *Pueblo ex rel. J.L.D.R.*, 114 D.P.R. 497, 502 (1983); *Pueblo ex rel L.V.C.*, 110 D.P.R. 114, 124 (1980); *ELA en interés del menor R.M.R.*, 83 D.P.R. 242, 247 (1961). Ello no empece, con el transcurso del tiempo estos procedimientos han "adquirido matices de naturaleza punitiva que van más allá del propósito meramente rehabilitador y paternalista de la antigua ley [Ley Núm. 97 de 23 de junio de 1955]." *Pueblo en interés del Menor G.R.S.*, 149 D.P.R. 1, 12 (1999). Ese enfoque ha ido acompañado con el reconocimiento de mayores salvaguardas procesales hacia los menores como aquellas que protegen a los adultos en el proceso criminal. *E.g.*, *Pueblo en interés menor R.H.M.*, 126 D.P.R. 404 (1990)(reconocimiento de la garantía constitucional contra la auto incriminación); *Pueblo en interés A.L.R.G. y F.R.G.*, 132 D.P.R. 990 (1993) (derecho a tener acceso a expediente social como corolario del derecho a una adecuada representación legal); *Pueblo en interés menor N.R.O.*, 136 D.P.R. 949 (1999)(aplicabilidad de la regla de exclusión a procesos de menores).

El Art. 4 de la Ley de Menores, 34 L.P.R.A. sec. 2204, regula la jurisdicción de la Sala de Asuntos de Menores del Tribunal Superior. El concepto jurisdicción en el

ordenamiento jurídico de menores, se refiere a la facultad especial de la Sala de Asuntos de Menores para entender en procesos contra éstos y se relaciona "con la cuestión de si el menor debe ser encausado dentro del sistema de justicia juvenil o en el sistema de justicia criminal." *Pueblo en interés del menor A.A.O.,* 138 D.P.R. 160, 172 (1995). Es decir, la jurisdicción es determinante al decidir quién debe ser encausado como menor o, por el contrario, como adulto.

Así, el Art. 4 establece que la Sala de Asuntos de Menores tendrá jurisdicción en todo caso en que se le impute a un menor conducta que constituya falta si fue incurrida antes de éste haber cumplido los dieciocho (18) años; sujeto claro está, al término prescriptivo correspondiente. 34 L.P.R.A. sec. 2204. El artículo, sin embargo, dispone que la Sala de Asuntos de Menores no tendrá jurisdicción en aquellos casos en que se le impute a un menor que hubiere cumplido quince (15) años de edad, la comisión de hechos constitutivos de asesinato en primer grado mediante deliberación y premeditación; o, se le impute hechos constitutivos de un delito que surja de la misma transacción del asesinato en primer grado mediante premeditación y deliberación; o, cuando se le hubiere adjudicado previamente un asesinato como adulto. 34 L.P.R.A. sec. 2204. En estos casos, la jurisdicción para encausar el procesamiento penal le corresponderá a la Sala de lo Criminal del Tribunal Superior.

Por lo tanto, la Sala de Asuntos de Menores no tiene "jurisdicción" cuando los actos imputados al menor ocurren después de éste haber cumplido dieciocho (18) años; o, si se le imputa asesinato en primer grado mediante deliberación y premeditación o un delito que surja de esa misma transacción o evento y el menor hubiese cumplido quince (15) años. *Pueblo en interés menor A.A.O.*, *ante*, págs. 172-173. Véase además, *Pueblo v. Álvarez Tores*, 127 D.P.R. 830 (1991).

De otra parte, el Art. 5 de la ley, dispone que el tribunal habrá de conservar su "autoridad"[1] sobre todo menor hasta que éste cumpla la edad de veintiún (21) años, **a menos que mediante orden al efecto dé por terminada su jurisdicción**. 34 L.P.R.A. sec. 2205.

La Ley de Menores en su Art. 15, 34 L.P.R.A. sec. 2215, regula detalladamente el proceso de renuncia de jurisdicción contemplado en el Art. 5 de la ley. La fase de renuncia a la jurisdicción es "una etapa crítica en el procesamiento" en la cual se traslada a un menor de una jurisdicción cuyo fin es rehabilitador a otra que lo juzga como adulto con la probabilidad de la pérdida de libertad por un periodo de tiempo prolongado. Véase, S. Dairs, *Rights of Juveniles, The Juvenile Justice System*, Thomson-

---

[1] El concepto "autoridad" utilizado en el estatuto, se refiere a la "supervisión, detención o custodia del menor que asume el Estado como *parens patriae*, mientras a éste se le encausa y luego de que se ha determinado que está incurso en la comisión de una falta." *Pueblo en interés del menor A.A.O.,* 138 D.P.R. 160 (1995). Por lo que "autoridad" se refiere al tipo y la duración de la medida impuesta una vez se determine que el menor se encuentra incurso en una falta. *Loc. cit.*

West, 2003, 2da. ed., sec. 4:1, pág. 4-1.   ("The effect of a decision to waive jurisdiction over a child is to deny to the child the protection and ameliorative treatment afforded by the juvenile process, substituting therefor the punitive treatment found in the criminal process.")  "Por la magnitud de ese traslado, por los efectos serios que puedan surgir y para cumplir con las garantías del debido proceso de ley", es menester cumplir a cabalidad con los criterios establecidos en el Art. 15 del la Ley de Menores. *Pueblo en interés del menor R.H.M.*, *ante*, pág. 411.   En igual sentido, *Kent v. United States*, 383 U.S. 541, 556 (1966).  ("It is clear beyond dispute that the waiver of jurisdiction is a 'critically important' action determining statutory rights of the juvenile.")

A poco que analicemos el referido artículo, nos percatamos que de su texto se desprende, con meridiana claridad, que sólo se podrá solicitar la renuncia de jurisdicción en aquellos casos que el menor involucrado **sea mayor de catorce (14) años.**[2]  Por lo tanto, **cuando el menor**

---

[2] El Art. 15 de la Ley de Menores de Puerto Rico, 34 L.P.R.A. sec. 2015, dispone lo siguiente en cuanto a la renuncia de jurisdicción, citamos *in extenso*:

> a. Solicitud del Procurador.  El tribunal, a solicitud del Procurador, **podrá renunciar la jurisdicción sobre un menor que sea mayor de catorce (14) años y menor de dieciocho (18) años,** a quien se le impute la comisión de cualquier falta Clase II o III.   El Procurador deberá efectuar dicha solicitud mediante moción fundamentada cuando considere que entender en el caso bajo las disposiciones de esta ley no responderá a los mejores intereses del menor y de la comunidad.

**imputado es menor de catorce años la jurisdicción exclusiva para exigir responsabilidad por la comisión de una falta le corresponde a la Sala de Asuntos de Menores del Tribunal Superior.** Ante la ausencia de autoridad expresa para renunciar a la jurisdicción en casos de menores de catorce (14) años, no cabe una interpretación en tal sentido. Adviértase que los tribunales de menores son "criaturas legislativas" y como tal, le corresponderá a la Asamblea Legislativa determinar su jurisdicción conforme el diseño particular que se estime propio. *Rodríguez Rodríguez v. E.L.A.*, 130 D.P.R. 562, 580 (1992).

Con anterioridad habíamos expresado que "el poder o la autoridad del tribunal sobre un menor **depende de la fecha en que se cometió la falta** y no de aquella en que comenzó

---

El Procurador, podrá promover la solicitud cuando, previa determinación de causa probable, se le impute al menor una de las siguientes faltas: violación, robo, secuestro, mutilación, sodomía, escalamiento agravado y agresión agravada e su modalidad de delito grave.

El Procurador **deberá promover** la solicitud de renuncia de jurisdicción en los siguientes casos:

1. **cuando se impute a un menor que sea mayor de catorce (14) años** la comisión de hechos constitutivos de asesinato en la modalidad que está bajo la autoridad del Tribunal, cualquier otro delito grave de primer grado, y cualquier otro hecho delictivo que surja de la misma transacción o evento.

2. Cuando se impute al menor una falta Clase II o III y se le hubiera adjudicado previamente una falta II o III, incurrida **entre los catorce (14) y dieciocho (18) años.**

El Procurador vendrá obligado a advertir al tribunal la falta de jurisdicción cuando se trata de aquellos casos excluidos de su autoridad por disposición expresa de este capítulo. (Énfasis nuestro.)

el proceso o en que dicha corte adquirió jurisdicción sobre el niño delincuente." (Énfasis nuestro.) *Pueblo v. Andujar*, 80 D.P.R. 822, 826 (1958). Véase también, *Pueblo en interés del menor F.R.F.*, 133 D.P.R. 172, 179 (1993); *Pueblo ex rel L.V.C., ante* pág. 120. Por lo tanto, será la ley vigente al momento de los hechos la que habrá de determinar cómo se ha de encausar el procesamiento de un menor cuando se le impute la comisión de una falta. Ciertamente, un menor no puede "ser procesado bajo términos y condiciones más onerosos que los impuestos por la ley vigente a la fecha en que se perpetraron los hechos imputados en la acusación." *Pueblo v. Andujar*, *ante,* pág. 824.

Indicamos anteriormente que del expediente que consta ante nosotros surge que en la vista celebrada ante el tribunal de instancia para dilucidar la moción de desestimación presentada por el acusado, el Ministerio Público y la defensa estipularon que no "hay controversia en que **el acusado tenía 13 años en la fecha de los alegados hechos.**" Véase, Petición de certiorari, Minuta de 20 de agosto de 2004, Ap., pág. 39. En *P.R. Glass Corp. v. Tribunal Superior*, 103 D.P.R. 223, 231 (1975) indicamos que "[u]na vez hecha y aprobada por el tribunal la estipulación obliga a quienes la hacen y a las partes por ellos legalmente representadas. **La estipulación es una admisión judicial que implica un desistimiento formal de cualquier contención contraria a ella.**" (Énfasis nuestro.) Estipulado por el Ministerio Público que la edad de Suárez

Alers era 13 años, éste viene obligado por tal determinación habiendo desistido de cualquier cuestionamiento en contrario.[3]

Por lo tanto, a la luz de lo anterior, el Tribunal de Primera Instancia, Sala Superior de Aguadilla, Asuntos de Menores, aun cuando podía asumir jurisdicción en la queja instada por la Procuradora de Menores contra Suárez Alers por ser éste menor de edad al momento de los hechos, no podía bajo ningún supuesto renunciar a su jurisdicción y referir el asunto a la Sala de lo Criminal del Tribunal Superior. Ello, ya que Suárez Alers era menor de catorce (14) años al momento de los hechos imputados y el Art. 15 de la Ley de Menores no autoriza la renuncia en estos casos.

No hay duda que si la queja contra Suárez Alers hubiese sido presentada al momento de los alegados hechos delictivos, la Sala de Asuntos de Menores estaba imposibilitada de renunciar a su jurisdicción. Si era improcedente en ese momento, también lo es ahora. Concluir lo contrario, querría decir que le estaríamos aplicando a

---

[3] Lo cierto es que la posición del Ministerio Público ha sido que Suárez Alers tenía, en efecto, trece años de edad al momento de los hechos imputados. A modo de ejemplo, en el alegato presentado por el Pueblo ante este Tribunal, el Procurador General indicó lo siguiente: "Para la fecha de los hechos, **Suárez Alers tenía trece años de edad, mientras que el menor perjudicado contaba con siete años.**" (Énfasis nuestro.) Alegato del Procurador General, pág. 3. Véase además, Apéndice a la Petición de Certiorari, pág. 64. El asunto sobre la edad de Suárez Alers no fue un cuestionamiento que se hiciera ante los foros inferiores ni ante este Tribunal.

Suárez Alers unos términos y condiciones no contemplados en la Ley de Menores de 1986, para su perjuicio.[4]

En *Pueblo en interés del menor F.R.F., ante*, nos enfrentamos a una controversia similar a la planteada en este caso. En ese caso se presentaron sendas quejas contra el menor *F.R.F.* por faltas incurridas en fechas distintas. Al momento de los hechos en el primer caso, el menor tenía quince años de edad; sin embargo, cuando ocurrieron los hechos del segundo caso, ya el menor era mayor de dieciséis años. Para la fecha de los primeros hechos estaba vigente la Ley de Menores de 1955 y para el segundo incidente, había entrado en vigor la Ley de Menores de 1986.

Así las cosas, el Tribunal de Primera Instancia renunció a su jurisdicción en ambos casos y los refirió a la sala de lo criminal para procesamiento. El menor impugnó la renuncia de jurisdicción en ambos casos. Planteada así la controversia, resolvimos que el foro primario no podía renunciar a su jurisdicción en el primer caso toda vez que la Ley de Menores de 1955, **"no permitía la renuncia de jurisdicción en relación con menores de quince (15) años de edad."** (Énfasis nuestro.) *Pueblo en interés F.R.F., ante,* pág. 180. Ese problema no se planteaba en el segundo caso ya que la Ley de Menores de 1986 permitía "la renuncia de jurisdicción por una falta tipo II, cometida por un menor entre las edades de catorce

---

[4] Debe quedar claro, sin embargo, que si Suárez Alers hubiese sido mayor de catorce (14) años cuando ocurrieron los hechos que se le imputaron, nada impedía que la Sala de Asuntos de Menores asumiera jurisdicción y luego de la vista correspondiente, determinarían si procedía o no renunciar a su jurisdicción.

(14) a dieciséis (16)." 133 D.P.R., pág. 182. Véase además, *Pueblo v. Andujar, ante.*

Resolvemos por lo tanto, que fue errónea la determinación del Tribunal de Primera Instancia, Sala Superior, Asuntos de Menores de renunciar a su jurisdicción ya que la Ley de Menores de 1986 no autoriza la renuncia en casos de menores de catorce (14) años. Dicha determinación está viciada de nulidad.

Es de notar también, que un menor de trece (13) años no puede ser procesado por el sistema de justicia criminal toda vez que el Art. 29 del Código Penal, 33 L.P.R.A. sec. 3151,[5] dispone que la minoridad es una de las causas de inimputabilidad. La prohibición del Código Penal es absoluta pues prohíbe tanto el procesamiento como la convicción.

La minoridad como causa de inimputablidad se asienta sobre la teoría que las personas menores de cierta edad no han adquirido plena madurez mental como tampoco un desarrollo biológico pleno, lo que les impide tener la capacidad suficiente para comprender la criminalidad de sus actos o de conformar éstos al mandato de la ley. Véase, D. Nevares-Muñiz, *Derecho Penal Puertorriqueño, Parte general*, Instituto para Desarrollo del Derecho, San Juan, 2005, 5ta ed., sec. 7.3, págs. 290-293; F. Muñoz Conde, M. García

---

[5] El Art. 29 del Código Penal, 33 L.P.R.A. sec. 3151, dispone lo siguiente:

"Una persona no será procesada o convicta criminalmente por un hecho realizado cuando dicha persona no hubiere cumplido 18 años de edad, salvo los casos provistos en la legislación especial para menores."

Arán, *Derecho Penal, Parte general*, Tirant lo Blanch, Valencia, 2000, 4ta ed., págs. 414-418; E. Aponte Villalba, *Criterios de Evaluación para determinar la Procesabilidad e Imputabilidad en el Sistema de Justicia Juvenil de Puerto Rico*, Centro Caribeño de Estudios Postgraduados, 1993.

Una lectura integrada del texto del Art. 29 del Código Penal y lo dispuesto en los Arts. 4, 5 y 15 de la Ley de Menores obligan a la conclusión que Suárez Alers no puede ser procesado como adulto toda vez que a la fecha de los hechos que se le imputan éste contaba con sólo trece (13) años de edad y la Ley de Menores no autorizaba la renuncia de jurisdicción en estos casos.

### III

A la luz de lo discutido anteriormente resolvemos que el Tribunal de Primera Instancia, Sala Superior, Asuntos de Menores, erró al renunciar a la jurisdicción del aquí peticionario y referir el caso a la Sala de lo Criminal del Tribunal Superior para trámites ulteriores. La actuación de dicho foro está viciada de nulidad.

Se revoca por lo tanto la sentencia dictada por el Tribunal de Apelaciones y se ordena el archivo del pliego acusatorio instado y el sobreseimiento de la causa instada contra Suárez Alers.

Se dictará sentencia de conformidad.


                              Anabelle Rodríguez Rodríguez
                              Juez Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrido

       v.

Wilfredo Suárez Alers              CC-2005-152

    Peticionario

SENTENCIA

San Juan, Puerto Rico, a 11 de mayo de 2006

Por los fundamentos antes expuestos en la Opinión que antecede, los cuales se incorporan íntegramente a la presente, revocamos la sentencia dictada por el Tribunal de Apelaciones, se ordena el archivo del pliego acusatorio instado y el sobreseimiento de la causa instada contra Suárez Alers.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rebollo López disiente con opinión escrita a la que se le une el Juez Asociado señor Rivera Pérez.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


El Pueblo de Puerto Rico

    Recurrido

        vs.                           CC-2005-152
CERTIORARI

Wilfredo Suárez Alers

    Peticionario


OPINIÓN DISIDENTE EMITIDA POR EL JUEZ ASOCIADO REBOLLO LÓPEZ A LA CUAL SE UNE EL JUEZ ASOCIADO SEÑOR RIVERA PÉREZ

San Juan, Puerto Rico, a 11 de mayo de 2006


Nos vemos imposibilitados de endosar con nuestro voto la Opinión que una mayoría de los integrantes del Tribunal emite en el día de hoy en el presente caso. Dicha Opinión mayoritaria está predicada en unas premisas fácticas, una de las cuales no se sabe si es correcta; situación que, bajo ninguna circunstancia, debe servir de base a la emisión de una Opinión por este Tribunal.

Nuestras decisiones no solo deben estar sostenidas por fundamentos jurídicos correctos en derecho sino que deben estar apoyadas en hechos sólidos e incuestionables. No siendo ello así en

el presente caso, nos vemos en la obligación de disentir. Veamos.

I

Una somera lectura de la Opinión mayoritaria emitida es todo lo que se necesita para darse uno cuenta del hecho de que el resultado al que se llega en la misma --de ordenar el archivo de la causa criminal que pende contra el peticionario Suárez Alers ante la Sala Superior de Aguadilla del Tribunal de Primera Instancia-- está basado en las siguientes premisas jurídicas y fácticas:

a) que la Sala Superior de Asuntos de Menores del Tribunal de Primera Instancia tiene jurisdicción exclusiva sobre menores de menos de catorce (14) años de edad que incurren en conducta considerada como "faltas";

b) que, únicamente, el mencionado foro judicial puede renunciar su jurisdicción sobre menores, que incurren en "faltas", que estén entre las edades de catorce (14) a dieciocho (18) años;

c) que, en virtud de lo anteriormente expresado, y en vista del hecho que el peticionario Suárez Alers cuando alegadamente cometió la falta de "actos lascivos o impúdicos, tenía la edad de trece (13) años, la renuncia de jurisdicción que en el presente caso se llevara a cabo, por parte del

Tribunal Superior de Asuntos de Menores, "…está viciada de nulidad"; y

d)  que <u>ni</u> el Tribunal Superior de Asuntos de Menores <u>ni</u> la Sala Superior del Tribunal de Primera Instancia pueden procesar al peticionario Suárez Alers; el primero por razón de que ya éste cumplió la edad de veintiún (21) años, y el segundo porque cuando alegadamente se cometieron los hechos, Suárez Alers era un menor de trece (13) años de edad.

En vista de todo lo anteriormente expresado, se <u>concluye</u> en la Opinión mayoritaria, repetimos, que lo procedente en derecho es que se decrete el <u>archivo y sobreseimiento</u> de la causa criminal que pende ante el tribunal de instancia contra Suárez Alers. Dicho de otra manera, por decreto de la Mayoría, Suárez Alers <u>nunca</u> podrá ser sometido a juicio por los actos, alegadamente, cometidos por él, el 25 de julio de 1994.

II

La decisión mayoritaria emitida, de primera intención, da la impresión de ser una correcta y procedente en derecho. De hecho, el lector debe estar, en estos momentos, cuestionando el "porqué" de nuestro proceder.

Un examen, un poco más minucioso, del expediente del caso brinda la respuesta a la mencionada interrogante.

Dicho examen causa una <u>enorme incertidumbre</u> sobre un <u>hecho clave</u> sobre el cual se <u>ancla</u> el razonamiento mayoritario, a saber: ¿cuál era la <u>verdadera edad</u> que tenía el peticionario Suárez Alers al momento en que, alegadamente, incurrió en la falta de actos lascivos o impúdicos, esto es, el 25 de julio de 1994?

El Tribunal concluye que éste, a esa fecha, tenía la edad de trece (13) años. A esos efectos da por buena y correcta --y le brinda su bendición-- a una "estipulación" que surge de la "minuta" que recoge los procedimientos acaecidos en una vista celebrada el día 20 de agosto de 2004 ante la Sala Superior de Aguadilla del Tribunal de Primera Instancia.[6]

Aquellos que hemos tenido, por decirlo así, la dicha de practicar intensamente la profesión a nivel de instancia, tanto en el campo civil como en el de lo criminal, estamos conscientes y sabemos que <u>no</u> es necesariamente correcto todo lo que se dice o aparece en una "minuta". Ello en vista del hecho que la "minuta" la prepara la secretaria de sala, quien, ser humano al fin, en ocasiones comete errores. Es cierto que dicha "minuta" es, <u>posteriormente</u>, refrendada con su firma por el juez que ese día presidió los procedimientos. Esa firma, sin embargo, se lleva a efecto semanas, o meses, más tarde,

---

[6] En dicha "minuta" se expresa, en lo pertinente, que: "Estipulan las partes que no hay controversia en que el acusado tenía 13 años en la fecha de los alegados hechos."

pudiendo ese juez haber olvidado lo verdaderamente ocurrido ese día.

Somos los primeros en aceptar que el anterior argumento puede ser considerado como uno especulativo, que no debe servir de base para derrotar el razonamiento mayoritario. Pero, es que hay más.

Asumiendo, a los fines de la argumentación, que lo expresado en la "minuta" efectivamente fue objeto de estipulación por el representante del ministerio público y por el abogado defensor, de un examen minucioso del expediente del caso surgen dos (2) documentos que causan enorme duda sobre la corrección del contenido de la antes mencionada estipulación, duda que nos impide, sin más, refrendar la misma desde este estrado apelativo. En primer lugar, de la "querella" que se radicara contra Suárez Alers ante la Sala Superior de Menores de Aguadilla del Tribunal de Primera Instancia surge que éste nació el día 22 de octubre de 1978. De ser ello cierto, y habiendo alegadamente ocurrido los hechos que se le imputan el 25 de julio de 1994, éste contaba a la referida fecha, con la edad aproximada de quince (15) años y nueve (9) meses.

Pero, hay más. El examen del expediente revela la existencia de una resolución --la cual no fue objeto de revisión-- de fecha 19 de marzo de 2004, emitida por la Sala Superior de Menores del Tribunal de Primera Instancia --resolución mediante la cual dicho foro judicial renunció a la jurisdicción sobre Suárez Alers-- en la cual se

expresa que éste, a la fecha de la alegada comisión de los hechos, contaba con la edad de quince (15) años; hecho en que, _precisamente_, basó dicho foro judicial su decisión de renunciar a la jurisdicción sobre el peticionario Suárez Alers.

Debe mantenerse presente que, conforme hemos reiteradamente resuelto, se _presume_ la corrección y regularidad de los procedimientos y decisiones que llevan a cabo y emiten los tribunales de instancia. _Villanueva_ v. _Hernández Class_, 128 D.P.R. 618 (1991); _Pueblo_ v. _Prieto Maysonet_, 103 D.P.R. 102 (1974); _Pueblo_ v. _Reyes Morales_, 93 D.P.R. 607 (1966).[7] Si a ello le añadimos que _Suárez Alers_ consintió a dicha determinación, al no revisar la misma, realmente resulta inexplicable que la Mayoría del Tribunal ignore totalmente esta resolución y lo que ella conlleva.

Por otro lado, debe señalarse que, según preceptúa la Regla 16 de las Reglas de Evidencia, las "presunciones son aquellas establecidas por ley _o por decisiones judiciales_ . . ." (énfasis suplido), y que, conforme establece la Regla 15 de las mencionadas Reglas de Evidencia, en "una

---

[7] En _Asoc. de Periodistas_ v. _González_, 127 D.P.R. 704, 714-715 (1991), resolvimos que un tribunal, bajo la Regla 11(A)(2) de las Reglas de Evidencia puede tomar conocimiento judicial de procedimientos celebrados y de sentencias o resoluciones dictadas en cualquier causa seguida ante el mismo tribunal o en cualquier otro tribunal dentro de la misma jurisdicción, por tratarse de hechos cuya comprobación o determinación puede efectuarse de forma exacta e inmediata con un mero examen del expediente judicial.

acción criminal, cuando la presunción perjudica al acusado, <u>su efecto es imponer a éste la obligación de presentar evidencia para rebatir o refutar el hecho presumido</u> . . ." (énfasis suplido). <u>Que sepamos, esto no ha sucedido en el presente caso</u>.

III

En vista de que en la Opinión mayoritaria se alude al hecho --como prueba, alegadamente, concluyente de que el peticionario Suárez Alers contaba con la edad de trece años a la fecha de la alegada comisión de los hechos-- que tanto el ministerio fiscal como el Procurador General están contestes en que Suárez Alers efectivamente contaba con esa edad en ese momento, procede que nos preguntemos si este Tribunal debe, en el uso de su discreción, tomar como buena dicha estipulación o actuación e impartirle, sin más, nuestra aprobación a la misma en posible perjuicio de los derechos de nuestra ciudadanía.

La contestación, <u>obviamente</u>, tiene que ser en la negativa. No podemos aceptar que una estipulación --que puede ser errónea-- nos obligue o nos "ate las manos". Una estipulación, no hay duda, obliga a las partes que la hicieron pero, <u>nunca</u>, puede obligar a un tribunal de justicia a cometer una injusticia y/o a decidir un caso de manera errónea. Que sepamos, este Tribunal <u>nunca</u> ha abdicado su poder, y obligación, de resolver los casos conforme a derecho.

Por otro lado, debe mantenerse presente que, si bien nuestra Constitución y leyes le garantizan unos derechos a las personas que son acusadas de la alegada comisión de delitos públicos, los tribunales de justicia <u>no</u> deben, <u>ni</u> pueden, olvidar que la ciudadanía --y, en especial, las víctimas de esos delitos públicos-- <u>también tienen derechos</u>. En específico, la sociedad puertorriqueña tiene el derecho a que los que delinquen sean juzgados, convictos y sentenciados a las penas que establece nuestro ordenamiento jurídico. <u>Rodríguez Del Valle</u> v. <u>Corcelles Ortiz</u>, 135 D.P.R. 834 (1994); <u>Pueblo</u> v. <u>Valentín</u>, 135 D.P.R. 245, 258 (1994).

El lenguaje, en este aspecto, utilizado por la Mayoría parece indicar que ésta entiende, y "piensa", que los funcionarios del Departamento de Justicia de Puerto Rico --como lo son los representantes del ministerio público y el Procurador General-- están exentos, o inmunes, de cometer errores y que este Tribunal viene en la <u>obligación de avalar</u> todas sus actuaciones, sean las mismas correctas o no. <u>Nada más erróneo y absurdo</u>.

Nuestra función es un poco más seria y delicada. Nuestra función es la de velar porque se haga justicia, <u>a todos</u>. Si queremos lograr ese fin, tenemos que ser cuidadosos, minuciosos, estudiosos y juiciosos. <u>No</u> podemos darnos el lujo de ser superficiales ya que la irresponsabilidad <u>no</u> tiene cabida en este Tribunal. Si ese

norte no es compartido por todos los integrantes de este Tribunal, Puerto Rico está en serios y graves problemas.


IV

A la luz de todo lo anteriormente expresado, ¿resulta correcto --o, cuando menos, juicioso-- que este Tribunal ordene el archivo y sobreseimiento de la causa criminal que pende contra Suárez Alers a base de una alegada estipulación de hechos que surge de una "minuta" sin, realmente, conocerse cuál es la verdadera situación sobre la edad de esta persona a la fecha de la alegada comisión de los hechos?

Contestamos en la negativa. Somos del criterio que la actuación correcta, prudente y procedente --dados los hechos particulares del mismo-- es la de devolver el caso al tribunal de instancia para que éste dilucide, en una vista, este hecho; sobre todo cuando consideramos que un simple certificado de nacimiento podría resolver este asunto en forma definitiva.

Debe mantenerse presente que, si a la fecha de la alegada comisión de los hechos el peticionario Suárez Alers era, en efecto, mayor de catorce (14) años de edad, la renuncia de jurisdicción que llevara a efecto la Sala Superior de Asuntos de Menores es una válida en derecho. Si ello es así, la Sala Superior de lo Criminal de Aguadilla del Tribunal de Primera Instancia tendría

jurisdicción para juzgar, como adulto, al peticionario Suárez Alers por el delito de actos lascivos o impúdicos.

Ante esta realidad, la Mayoría del Tribunal, inexplicablemente, se niega a ordenar que se lleven a cabo las providencias necesarias para esclarecer este hecho fundamental en el caso, lo cual es de fácil solución.

Es por ello que disentimos.


FRANCISCO REBOLLO LÓPEZ
Juez Asociado