ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XII

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Peticionarios<br><br>V.<br><br>LEONARDO SOTO BUTLER<br><br>Recurrido | KLCE202401401 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Aguadilla<br><br>Caso Núm.<br>A FJ2022g0008<br><br>Sala: 601<br><br>Sobre:<br><br>Art. 283 del Código Penal |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa, la Jueza Rivera Pérez y la Jueza Díaz Rivera.

Rivera Pérez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 5 de febrero de 2025.

El Pueblo de Puerto Rico, representado por la Oficina del Procurador General de Puerto Rico (en adelante, el peticionario), comparece ante este Tribunal para solicitar la revisión de la *Sentencia* emitida el 12 de noviembre de 2024 y notificada el 15 de noviembre de 2024 por el Tribunal de Primera Instancia, Sala Superior de Aguadilla (en adelante, el TPI).[1]

Mediante dicha sentencia, el TPI declaró "Ha Lugar" la moción presentada el 21 de octubre de 2024 por la Defensa del joven Leonardo Soto Butler (en adelante, Soto Butler o parte recurrida). En consecuencia, resolvió que carecía de jurisdicción para entender en el caso relacionado con el delito de amenaza o intimidación a testigos (Artículo 283 del Código Penal de Puerto Rico, 33 LPRA sec. 5376), por el cual se había hallado culpable a Soto Butler, y desestimó dicho cargo. Además, dispuso que "[l]a posibilidad de que el menor pueda ser procesado como tal por el delito de epígrafe ante

---

[1] Anejo I de la *Petición de Certiorari.*

Número Identificador

SEN2025_____

la Sala de Asuntos de Menores, será un asunto que le corresponderá evaluar, en su momento, al Procurador de Asuntos de Menores."

El 26 de noviembre de 2024, el Ministerio Público presentó una *Moción Urgente de Reconsideración*,[2] la cual fue denegada por el TPI mediante *Orden* emitida y notificada el 27 de noviembre de 2024.[3]

Por las razones que se expondrán a continuación, se revoca la sentencia apelada y se devuelve el caso al Tribunal de Primera Instancia, restableciendo el estado procesal en que se encontraba antes de que se dictara sentencia desestimando el cargo por violación al Artículo 283 del Código Penal, *supra*. Asimismo, se deja sin efecto la orden que cancelaba la fianza impuesta.

## I.

El 2 de mayo de 2022, el Ministerio Público presentó cuatro acusaciones contra Soto Butler por violación a los Artículos 93(a) y 283 del Código Penal, 33 LPRA sec. 5142 y 5376, así como por infracción a los Artículos 6.05 y 6.14 de la Ley Núm. 168-2019, conocida como la *"Ley de Armas de Puerto Rico de 2020"*, 25 LPRA sec. 466d y 466m, por hechos ocurridos el 5 de marzo de 2020.[4] Las acusaciones, según fueron presentadas, leían de la manera siguiente:

**Acusación por el Artículo 93(a) del Código Penal:**

"El referido acusado, LEONARDO SOTO BUTLER, allá en o para el 5 de marzo de 2020 y en Moca, Puerto Rico, que forma parte de la jurisdicción del Tribunal de Primera Instancia, Sala de Aguadilla, ilegal, voluntaria y criminalmente; actuando en mutuo acuerdo con Nelvin Nieves López, con conocimiento y a propósito en lugar público o abierto al público, le ocasionó la muerte al ser humano, ANGÉLICA M. MÉNDEZ AROCHO. Consistente en que le hizo varios disparos que le ocasionaron la muerte."[5]

**Acusación por el Artículo 283 del Código Penal:**

---

[2] Anejo II de la *Petición de Certiorari*.
[3] Anejo III de la *Petición de Certiorari*.
[4] Anejo IV de la *Petición de Certiorari*.
[5] *Íd.*, págs. 23-24.

"El referido acusado, LEONARDO SOTO BUTLER, allá en o para el 5 de marzo de 2020 y en Moca, Puerto Rico, que forma parte de la jurisdicción del Tribunal de Primera Instancia, Sala de Aguadilla, ilegal, voluntaria y criminalmente; amenazó con causarle daño físico a DESTINY J. LÓPEZ MELÉNDEZ, quien era testigo o por su conocimiento de los hechos, podía ser llamada a prestar su testimonio en el caso de Asesinato en su contra, consistente en que le manifestó que si lo choteaba la mataría a ella y a su familia. Sitiando temor por la referida amenaza."[6]

**Acusación por el Artículo 6.05 de la Ley de Armas:**
"El referido acusado, LEONARDO SOTO BUTLER, allá en o para el 5 de marzo de 2020 y en Moca, Puerto Rico, que forma parte de la jurisdicción del Tribunal de Primera Instancia, Sala de Aguadilla, ilegal, voluntaria y criminalmente, actuando en mutuo acuerdo con Nelvin Nieves López, transportó, portó y usó un arma de fuego, sin tener licencia de armas vigente bajo la Ley de Armas, la cual utilizó para la comisión del delito de Asesinato en Primer Grado, contra ANGÉLICA M. MÉNDEZ AROCHO C/P YAMPI y en los delito de Infr. Art. 6.1 L.A."[7]

**Acusación por el Artículo 6.14 de la Ley de Armas**

"El referido acusado, LEONARDO SOTO BUTLER, allá en o para el 5 de marzo de 2020 y en Moca, Puerto Rico, que forma parte de la jurisdicción del Tribunal de Primera Instancia, Sala de Aguadilla, ilegal, voluntaria y criminalmente, actuando en mutuo acuerdo con Nelvin Nieves López, apuntó y disparó un arma de fuego contra ANGÉLICA M. MÉNDEZ AROCHO C/P YAMPI, causándole heridas por los impactos de bala que le causaron la muerte."[8]

Habiéndose determinado causa probable en las etapas previas al juicio, se celebró el juicio en su fondo ante un panel de jurados del 8 al 17 de abril de 2024. Una vez desfilada y evaluada la prueba, el jurado emitió un veredicto de no culpabilidad por los delitos de asesinato en primer grado (Artículo 93(a) del Código Penal, *supra*), portación, transportación o uso de armas de fuego sin licencia (Artículo 6.05 de la Ley Núm. 168-2019, *supra*), y disparar o apuntar armas de fuego (Artículo 6.14 de la Ley Núm. 168-2019, *supra*). No obstante, el jurado emitió un veredicto de culpabilidad por el delito

---

[6] *Íd.*, págs. 25-26.
[7] *Íd.*, págs. 27-28.
[8] *Íd.*, págs. 29-28

de amenaza o intimidación a testigos (Artículo 283 del Código Penal, *supra*).

Así las cosas, el 21 de octubre de 2024, la parte recurrida presentó la *Petición para que el Caso sea Trasladado a la Sala de Asuntos de Menores por Falta de Jurisdicción del Tribunal General* que nos ocupa.[9] En esencia, la parte recurrida solicitó que se ordenara el traslado del caso a la Sala de Menores del Tribunal de Primera Instancia, argumentando que la Sala de lo Criminal del Tribunal General de Justicia no tenía jurisdicción para atender el proceso relacionado con el Artículo 283 del Código Penal, *supra*. Según su planteamiento, los hechos que dieron lugar a este delito no derivaban de la misma transacción o evento que originó el cargo de asesinato en primer grado. Además, sostuvo que, dado que el jurado había emitido un veredicto de no culpabilidad por el delito de asesinato en primer grado, y considerando que el Artículo 4(2) de la Ley Núm. 88 de 9 de julio de 1986, según enmendada, conocida como *"Ley de Menores de Puerto Rico"*, 34 LPRA sec. 2204, establece que la Sala de Menores del Tribunal de Primera Instancia no tendrá autoridad para conocer de casos donde los hechos imputados surjan de la misma transacción o evento de un asesinato en primer grado, el delito de amenaza o intimidación a testigos no podía ser juzgado en la Sala de lo Criminal del Tribunal de Primera Instancia.

El mismo día, el Ministerio Público presentó una *Moción en Oposición a que el Caso sea Trasladado a la Sala de Asuntos de Menores por Falta de Jurisdicción del Tribunal General*.[10]

El 12 de noviembre de 2024, notificada el 15 de noviembre de 2024, el TPI emitió la *Sentencia* recurrida.[11] Mediante dicha sentencia, el TPI declaró "Ha Lugar" la moción presentada por la

---

[9] Anejo V de la *Petición de Certiorari*.
[10] Anejo V de la *Petición de Certiorari*.
[11] Anejo I de la *Petición de Certiorari*.

Defensa de Soto Butler. En su dictamen, el TPI concluyó y resolvió

lo siguiente:

> "Analicemos el escenario existente al momento en que el menor cometió este delito. Para el instante en que se presentó la denuncia contra Leonardo Soto Butler por este delito no existía una adjudicación previa en su contra por un delito grave como adulto. Mucho menos, estaban presentes las circunstancias para que se entendiera que el Tribunal General conservaba jurisdicción sobre la persona del menor pues este no había hecho, ni hizo en ningún momento, alegación de culpabilidad. La Sala de Menores tampoco había renunciado a la jurisdicción del menor, **sino que, en su lugar, el menor estaba siendo procesado "automáticamente" como adulto por habérsele imputado la comisión de un asesinato en primer grado y otros delitos relacionados a este evento.** En contra del menor no medió convicción por un delito distinto al asesinato **ni se trataba de un delito que surgió de la misma transacción o evento del asesinato en primer grado, para que pudiera proceder la "exclusión automática" que provee el artículo 4(2) de la Ley de Menores de Puerto Rico.**
>
> Ante la ausencia de todos estos escenarios, el delito de amenaza o intimidación a testigo no podía ser presentado en el Tribunal General para que el menor fuera procesado como adulto, aplicándosele la misma norma de exclusión legal que al delito de asesinato en primer grado y aquellos que surgieron de la misma transacción o evento. El curso por seguir en el caso del epígrafe debió ser que se presentara la correspondiente querella ante la Sala de Asuntos de Menores, pues tal como previamente esbozamos, esta sala tiene jurisdicción para conocer de todo caso en que se impute conducta que constituya falta a un(a) menor de trece (13) años o más, incurrida antes de este haber cumplido dieciocho (18) años, sujeto al término prescriptivo correspondiente. Artículo 4(1)(a) de la Ley de Menores, *supra.* Aquí la Sala de Menores tampoco renunció a su jurisdicción sobre el menor para que el Tribunal General enjuiciara al menor, con respecto a este delito, como adulto.
>
> Ante este escenario, nos corresponde concluir que este Tribunal carece de jurisdicción sobre el menor Leonardo Soto Butler. En consecuencia, corresponde que desestimemos la presente acción, pues ante un planteamiento de falta jurisdicción no corresponde tan siquiera que consideremos la etapa en la que se encuentra el caso. Lo antes señalado, constituye norma reiterada de que la sentencia que emita un tribunal sin jurisdicción es nula. Habiéndolo así concluido, no corresponde que traslad007 el caso ante la Sala de Asuntos de Menores. La posibilidad de que el menor pueda ser procesado como tal por el delito de epígrafe ante la Sala de Asuntos de Menores, será un asunto que

le corresponderá evaluar, en su momento, al Procurador de Asuntos de Menores."[12]

El 26 de noviembre de 2024, el Ministerio Público presentó una *Moción Urgente de Reconsideración*,[13] la cual fue denegada por el TPI mediante *Orden* emitida y notificada el 27 de noviembre de 2024.[14]

En desacuerdo con la determinación del TPI, el Pueblo de Puerto Rico, representado por la Oficina del Procurador General de Puerto Rico, acudió ante nosotros el 27 de diciembre de 2025 mediante el presente recurso de *Petición de Certiorari*, el cual fue acogido como un recurso de apelación, manteniendo el alfanumérico previamente asignado. En su escrito, el Procurador General señala el error siguiente:

> El Tribunal de Primera Instancia erró en derecho y abusó de su discreción al desestimar la acusación por el Artículo 283 del Código Penal de 2012, fundamentando su decisión en que no tenía jurisdicción sobre el Sr. Leonardo Soto Butler, ya que, supuestamente, los hechos imputados en la acusación no surgieron de la misma transacción o evento del asesinato en primer grado que le permitió asumir jurisdicción –de forma automática— sobre el recurrido.

El 30 de enero de 2025, la parte recurrida presentó su alegato en oposición al recurso.

Contando con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II.**

**A.**

La Ley Núm. 88 de 9 de julio de 1986, *supra*, (en adelante, "Ley de Menores") establece como marco filosófico del Sistema de Justicia Juvenil un enfoque humanista y ecléctico, que equilibra la rehabilitación del menor con la responsabilidad que este debe asumir por sus actos. Exposición de Motivos de la Ley de

---

[12] Anejo I de la *Petición de Certiorari*, págs. 12-13.
[13] Anejo II de la *Petición de Certiorari*.
[14] Anejo III de la *Petición de Certiorari*.

Menores, *supra.* Bajo este modelo, el Estado, en su función de *parens patriae,* tiene el deber de ofrecer al menor todas las oportunidades necesarias para su rehabilitación, al mismo tiempo que le exige un nivel de responsabilidad proporcional a su capacidad para dirigir su conducta y responder por sus acciones. *Íd.* Este enfoque busca armonizar la protección y el desarrollo del menor con la necesidad de preservar el orden social y garantizar la seguridad pública. *Íd*; *Pueblo v. Suárez,* 167 DPR 850, 857 (2006).

En relación con la jurisdicción de la Sala de Menores del Tribunal de Primera Instancia, el Artículo 4 de la Ley Núm. 88 de 9 de julio de 1986, *supra,* (en adelante, "Ley de Menores") dispone lo siguiente:

"(1) El tribunal tendrá autoridad para conocer de:

(a) Todo caso en que se impute conducta que constituya falta a un(a) menor de trece (13) años o más, incurrida antes de [e]ste haber cumplido dieciocho (18) años de edad. El Tribunal no tendrá autoridad en todo caso donde la facultad mental del menor sea inferior a los trece (13) años. Dicha autoridad estará sujeta al período prescriptivo dispuesto en las leyes penales para la conducta imputada.

(b) Cualquier asunto relacionado con menores, según dispuesto mediante ley especial, confiriéndole facultad para entender en dicho asunto.

(c) En el caso de un(a) menor que no haya cumplido los trece (13) años de edad regirá lo siguiente:

(i) Todo(a) menor que no haya cumplido los trece (13) años de edad, cuya conducta imputada sea constitutiva de falta, se considerará inimputable, por tanto, no será responsable ni quedará sujeto al procesamiento penal al amparo de esta Ley. A tales efectos, el Procurador de Menores referirá al(la) menor y a su madre, padre, o tutor(a), al Departamento de la Familia para la correspondiente evaluación, y de ser necesario le ofrezca servicios y/o capacitación que redunde en el mejor bienestar del(de la) menor.

**(2) El tribunal no tendrá autoridad para conocer de:**

(a) Todo caso en que se impute a un menor que hubiere cumplido quince (15) años de edad la comisión de hechos constitutivos de asesinato en primer grado según definido en el inciso (a) del Artículo 93 del Código Penal de Puerto Rico.

(b) Todo caso en que **se impute** a un menor que hubiere cumplido quince (15) años de edad **hechos constitutivos de delito que surjan de la misma transacción o evento constitutivo de asesinato** en primer grado según definido en el inciso (a) del Artículo 106 del Código Penal del Estado Libre Asociado de Puerto Rico.

(c) Todo caso en que se impute a un menor hechos constitutivos de delito cuando se le hubiese adjudicado previamente un delito grave como adulto.

(3) En todos los casos contemplados en las cláusulas (a), (b) y (c) del inciso (2) de este Artículo, el menor será procesado como un adulto.

(4) La Sala de lo Criminal del Tribunal General de Justicia **conservará jurisdicción** sobre el menor aun cuando haga alegación de culpabilidad **o medie convicción por un delito distinto al asesinato** según definido en el inciso (a) del Artículo 106 del Código Penal del Estado Libre Asociado de Puerto Rico. Igualmente, conservará jurisdicción cuando el Tribunal de Primera Instancia, Sala de Menores, hubiere renunciado a la jurisdicción del menor y en el procedimiento ordinario como adulto al menor se le archivaran los cargos o se le encontrara no culpable.

(5) Cuando un magistrado determine la existencia de causa probable por un delito distinto al asesinato, según definido en el inciso (a) del Artículo 106 del Código Penal del Estado Libre Asociado de Puerto Rico, [e]ste y cualquier otro delito que surgiere de la misma transacción se trasladará al tribunal que ejerza su autoridad bajo las disposiciones de esta ley y éste retendrá y conservará jurisdicción, según se dispone en el Artículo 5 de esta Ley." (énfasis suplido).

El Tribunal Supremo ha explicado que, en el ordenamiento jurídico de menores, la jurisdicción determina qué tribunal debe conocer del caso del menor, mientras que la autoridad alude a la potestad del Estado sobre la supervisión y control del menor durante el proceso y tras su adjudicación. *Pueblo en interés menor A.A.O.*, 138 DPR 160, 172-173 (1995).

**III.**

En su recurso de apelación, el Procurador General señala que el TPI erró en derecho y abusó de su discreción al desestimar la acusación bajo el Artículo 283 del Código Penal, *supra.* Argumenta que el TPI fundamentó incorrectamente su decisión en que los

hechos imputados en la acusación no surgieron de la misma transacción o evento del asesinato en primer grado.

Como señaláramos anteriormente, el Artículo 4(2) de la Ley de Menores de Puerto Rico, *supra*, dispone que la Sala de Menores tiene jurisdicción para atender todo caso en el que se impute a un menor de 13 años o más la comisión de una falta, siempre que esta haya ocurrido antes de que el menor cumpliera 18 años. Sin embargo, existen excepciones a esta regla. La Sala de Menores no tendrá jurisdicción cuando el menor haya cumplido 15 años o más y se le impute la comisión de un asesinato en primer grado o cualquier otro delito que surja de la misma transacción o evento constitutivo del asesinato. Asimismo, la jurisdicción juvenil queda excluida en casos donde el menor haya sido previamente adjudicado como adulto por un delito grave, lo que implica que cualquier nueva acusación deberá tramitarse en el sistema de justicia ordinario.

El Artículo 4 de la Ley de Menores de Puerto Rico, *supra*, también contiene otra disposición aplicable a situaciones como la del presente caso. En su inciso (4), la ley establece que la Sala de lo Criminal del Tribunal de Primera Instancia conservará jurisdicción sobre el menor incluso cuando haya sido condenado por un delito distinto al asesinato. Esta disposición impone una obligación clara a la Sala de lo Criminal de retener su jurisdicción sobre un menor que, habiendo sido acusado de asesinato o de otros delitos derivados del mismo evento, haya sido hallado culpable de un delito diferente al asesinato. En otras palabras, aunque el menor no haya sido condenado por el delito de asesinato, el hecho de haber recibido una convicción por otro delito derivado de la misma transacción o evento impide que el caso regrese a la jurisdicción de la Sala de Asuntos de Menores. Véase, *Pueblo en interés menor A.A.O.,* supra.

Bajo las disposiciones citadas, cuando un menor de 15 años o más es **acusado** ante la Sala de lo Criminal del Tribunal de Primera

Instancia por el delito de asesinato o por otros delitos derivados del mismo evento, la Sala de Menores solo podría recuperar jurisdicción en circunstancias específicas. Esto ocurriría si un magistrado determinara que no existía causa probable para encausar por asesinato o si concluyera que sí había causa probable, pero solo para un delito distinto, en cuyo caso el caso sería devuelto a la Sala de Menores para atender las querellas por esos otros delitos. Asimismo, la Sala de Menores también podría recuperar jurisdicción si el menor resultaba absuelto de todos los cargos.

No obstante, **una vez la Sala de lo Criminal determina que existe causa probable por el delito de asesinato, esta retiene su jurisdicción sobre el menor durante todo el proceso.** Incluso si al finalizar el juicio el menor no es hallado culpable del delito de asesinato, sino de otro delito que surja de la misma transacción o evento constitutivo del asesinato, la Sala de lo Criminal conserva su jurisdicción.

En el presente caso, los hechos constitutivos del delito de amenaza o intimidación a testigos estaban directamente relacionados con el asesinato en primer grado, ya que la amenaza fue realizada con el propósito de encubrir y evitar su denuncia, por lo que se configuró la exclusión jurisdiccional establecida por el Artículo 4(2) de la Ley de Menores de Puerto Rico, *supra.* Además, Soto Butler fue hallado culpable de este delito, por lo que en virtud de lo dispuesto en el Artículo 4(4) de la Ley de Menores, *supra,* la Sala de lo Criminal conserva jurisdicción sobre el caso y debe continuar con el proceso judicial conforme a las disposiciones aplicables.

**IV.**

Por los fundamentos expuestos, se revoca la sentencia apelada y se devuelve el caso al Tribunal de Primera Instancia, restableciendo el estado procesal en que se encontraba el caso antes

de que se dictara sentencia desestimando el cargo por violación al Artículo 283 del Código Penal, *supra*. Asimismo, se deja sin efecto la orden que cancelaba la fianza impuesta.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones