EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico<br><br>Recurrido<br><br>v.<br><br>En Interés del menor KDTG<br><br>Peticionario | Certiorari<br><br>2021 TSPR 59<br><br>206 DPR ____ |

Número del Caso: CC-2021-233

Fecha: 30 de abril de 2021

Tribunal de Apelaciones:

    Panel VIII

Abogada de la parte peticionaria:

    Lcda. Marangely González Correa
    Sociedad para Asistencia Legal

Materia: Resolución del Tribunal con Voto Particular Disidente.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrido

        v.                        CC-2021-233

En interés del menor KDTG

    Peticionario

RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de abril de 2021.

Examinada la *Moción solicitando paralización de los procedimientos en auxilio de jurisdicción* y la *Petición de certiorari* presentadas en la causa de epígrafe por el menor KDTG, se provee no ha lugar a ambas.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Martínez Torres está conforme con la Resolución que se certifica y hace constar la siguiente expresión a la que se unen la Jueza Asociada señora Pabón Charneco y los Jueces Asociados señores Kolthoff Caraballo, Rivera García y Feliberti Cintrón:

> "Resulta improcedente la paralización de una vista de renuncia de jurisdicción que ha sido aplazada desde el 4 de agosto de 2020 en el caso de KDTG, quien ya tiene 18 años de edad y se le imputa un asesinato, todo porque la defensa insiste en que el foro primario erró al unir un informe de evaluación social al expediente.

En <u>Pueblo en interés del menor R.H.M.</u>, 126 DPR 404, 425-426 (1990), explicamos que el expediente social es de naturaleza confidencial y su contenido se encuentra en un "expediente separado al cual tendrá acceso la representación legal del menor antes de la vista [de renuncia de jurisdicción]". El hecho de que la Secretaría unió el informe al expediente cuando el Procurador de Asuntos de Menores lo presentó no quiere decir que se haya autenticado y mucho menos admitido como prueba. Así lo aclaró el juez del Tribunal de Primera Instancia que atiende este caso, al expresar: "que ese informe esté ahí [en el expediente] no significa que esté autenticado, ya que el Ministerio Público tiene la obligación de pasar prueba para que sea admitido". <u>Ap. Sol. Cert.,</u> pág. 87 (Escrito en cumplimiento de orden que presentó el Procurador General).

En otras palabras, el hecho de que el informe esté unido al expediente no releva al Procurador de pasar prueba sobre los criterios para que el Tribunal de Menores renuncie a su jurisdicción, que se establecen en el Art. 15(c) de la Ley de Menores de Puerto Rico, 34 LPRA sec. 2215(c). Estos son: (1) la naturaleza de la falta que se imputa al menor y las circunstancias que la rodearon; (2) el historial legal previo del menor, si alguno; (3) el historial social del menor; y (4) si el historial socioemocional y las actitudes del menor hacia la autoridad hacen necesario establecer controles respecto a su comportamiento que no se le puedan ofrecer en los centros de custodia o en las instituciones de tratamiento social a disposición del tribunal. <u>Íd</u>.

Además, luego de la presentación de la prueba del Procurador, la representación legal de KDTG podrá impugnarla y rebatir su admisibilidad. El informe en controversia se encuentra unido en la parte social del expediente y no ha sido examinado por el foro primario. Por lo tanto, el argumento por parte de la defensa, que sostiene que permitir la unión del informe "violenta derechos constitucionales a que el menor tenga un juicio justo e imparcial", es incorrecto. El informe en controversia no se ha admitido como prueba. Esa determinación la hará el tribunal en la vista luego de que las partes presenten sus argumentos y defensas.

Por otro lado, hemos expresado en repetidas ocasiones que la facultad "que cobija al Tribunal de Primera Instancia en sus determinaciones discrecionales es amplia, por lo que sus decisiones merecen gran deferencia". <u>Citibank v. ACBI</u>, 200 DPR

724, 735 (2018). Véanse, además, <u>Mejías et al. v. Carrasquillo et al.</u>, 185 DPR 288, 306-307 (2012); <u>García v. Asociación</u>, 135 DPR 311, 320 (2005); <u>Vives Vázquez v. E.L.A.</u>, 142 DPR 117, 141-142 (1996). Por esto hemos dejado claro "<u>que los tribunales apelativos no deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por éste en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto</u>". (Énfasis en el original). <u>Citibank v. ACBI</u>, <u>supra</u>, pág. 736.

Luego de un análisis de la controversia ante nos, me parece que el foro primario no abusó de su discreción, ni se configuraron ninguna de las excepciones para intervenir y sustituir su criterio. Lo que sí sería un abuso de discreción es pretender suplantar la función del Tribunal de Primera Instancia y resolver desde aquí en primera instancia la admisibilidad del informe en controversia. Esta función le compete al foro primario, la cual no ha podido ejercer por las constantes dilaciones de la defensa".

El Juez Asociado señor Colón Pérez emitió un Voto Particular Disidente al que se unen la Jueza Presidenta Oronoz Rodríguez y el Juez Asociado señor Estrella Martínez.


                              José Ignacio Campos Pérez
                              Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrido

        v.                          CC-2021-233     *Certiorari*

En interés del menor KDTG

    Peticionario

Voto Particular Disidente emitido por el Juez Asociado señor COLÓN PÉREZ, al cual se unen la Jueza Presidenta ORONOZ RODRÍGUEZ y el Juez Asociado señor ESTRELLA MARTÍNEZ.

En San Juan, Puerto Rico a 30 de abril de 2021.

En esta ocasión comparece ante nos el menor KDTG (en adelante, "menor KDTG" o "peticionario") -- por conducto de su representante legal, la Sociedad para Asistencia Legal -- mediante *Petición de certiorari* y *Moción solicitando la paralización de los procedimientos en auxilio de jurisdicción*. En éstas, nos solicita la paralización de cierta vista de renuncia de jurisdicción ante el Tribunal de Primera Instancia, Sala de Menores, pautada para el próximo martes, 4 de mayo de 2021, y la revisión de determinada *Resolución* emitida por el Tribunal de Apelaciones, mediante la cual el foro de referencia denegó expedir el recurso de *certiorari* presentado por el peticionario. A través de este

último, el menor KDTG procuraba recurrir de una *Resolución* emitida por el Tribunal de Primera Instancia, en virtud de la cual el foro primario rechazó reconsiderar su denegatoria de desglosar del expediente social de su caso cierta *Evaluación social sobre renuncia de jurisdicción* e *Informe suplementario* provistos unilateralmente por el Estado.

Por entender que este Tribunal debió paralizar los procesos y expedir el auto de *certiorari* -- para así revocar las determinaciones del Tribunal de Apelaciones y el foro primario -- respetuosamente disentimos. Veamos.

I.

Allá para el 17 de junio de 2020, el Tribunal de Primera Instancia determinó causa probable para presentar la querella contra el menor KDTG, por infringir las siguientes disposiciones: 1) el Art. 93(b) del Código Penal de Puerto Rico, 33 LPRA sec. 5142; 2) por tentativa de violación del Art. 189 del Código Penal de Puerto Rico, 33 LPRA sec. 5259; y 3) el Art. 6.09 de la Ley Núm. 168-2019, 25 LPRA sec. 466h, conocida como la Ley de Armas de Puerto Rico.

Así las cosas, el 29 de junio de 2020 la Procuradora de Menores presentó una moción mediante la cual solicitó al Tribunal de Primera Instancia, Sala de Menores, la renuncia de su jurisdicción sobre el menor KDTG. En síntesis, fundamentó su petitorio en que el joven era mayor de catorce (14) años pero menor de dieciocho (18) años, y se le imputaba la comisión de una falta Clase II

o III. Ello, conforme al Art. 15(a) de la Ley de Menores de Puerto Rico, *infra* (en adelante, "Ley de Menores").

En la moción de referencia se anunciaron una serie de testigos para la vista de renuncia de jurisdicción. Entre ellos, la señora Rosalía Rodríguez Orsini (en adelante, "señora Rodríguez Orsini"), Trabajadora Social adscrita al Departamento de Justicia de Puerto Rico.

En igual fecha, es decir el 29 de junio de 2020, la Procuradora de Menores también presentó una *Moción informativa y en solicitud de orden*. Mediante ésta, solicitó que el foro primario emitiera una orden permitiendo que la señora Rodríguez Orsini entrevistara al menor KDTG, sus padres o encargados, al igual que evaluar sus expedientes sociales y médicos.[1]

Evaluada la referida solicitud, el Tribunal de Primera Instancia accedió a la misma. En consecuencia, permitió que el menor KDTG fuera entrevistado -- y que todo expediente o reporte fuera evaluado -- por la señora Rodríguez Orsini.

Enterado de la anterior, la Sociedad para Asistencia Legal -- representante legal del menor KDTG -- presentó una *Moción en oposición a renuncia de jurisdicción y en solicitud de descubrimiento de prueba* ante el foro

---

[1] Valga mencionar que, en la presente moción, se expresó que solicitaban al foro primario que "permita a los profesionales del Departamento de Justicia realizar una evaluación sicológica y/o siquiátrica y social al menor, **incluyendo a la Trabajadora Social asignada al caso, la Sra. Rosalía Rodríguez Orsini, quienes representan al Ministerio Público y son testigos indispensables para la vista de renuncia de jurisdicción**". (Énfasis suplido) Véase, *Apéndice*, Anejo VII (b)(1).

primario. En esencia, señaló que el "sistema [de justicia] debe brindarle la oportunidad a[l] joven para trabajar su rehabilitación". Véase, *Apéndice*, pág. 19. De igual forma, solicitó que la Procuradora de Menores suministrara copia del *Informe social* que rindiera la señora Rodríguez Orsini con razonable antelación.[2]

Transcurridos varios incidentes procesales no necesarios aquí pormenorizar, el 29 de octubre de 2020 -- al advenir en conocimiento de que el *Informe* redactado por la señora Rodríguez Orsini, testigo-perito del Estado, se encontraba en la **parte social del expediente judicial** -- la representación legal del menor KDTG presentó ante el Tribunal de Primera Instancia una *Moción urgente en solicitud [d]e desglose Informe Social presentado por la Trabajadora Social del Departamento de Justicia*. En ésta, se opuso a que el referido *Informe* ya formara parte del expediente del caso, toda vez que era materia de prueba a ser presentado por la Procuradora de Menores, para sustentar su solicitud de renuncia de jurisdicción.

Según alegado por la representación legal del menor, permitir que el mencionado *Informe* permaneciera en la parte social del expediente judicial significaría que: 1) se violentarían los derechos constitucionales del menor, incluyendo su derecho a un juicio justo e imparcial; y 2) se estaría adelantando prueba al tribunal, sin que el

---

[2] Posteriormente, la Procuradora de Menores solicitó enmendar la solicitud de renuncia de jurisdicción, toda vez que no se había especificado que solicitaba la misma por robo y asesinato. El foro primario proveyó ha lugar a la enmienda solicitada.

menor tuviese oportunidad de rebatirla. Siendo ello así, se solicitó que el foro primario ordenara el desglose del *Informe* preparado por la señora Rodríguez Orsini, para así garantizar el debido proceso de ley y trato justo del menor KDTG.

Evaluado lo anterior, el 4 de noviembre de 2020 el Tribunal de Primera Instancia notificó una *Resolución*, mediante la cual declaró no ha lugar el petitorio de desglose. En específico, el foro primario sentenció:

> El Informe o "Evaluación Social sobre Renuncia de Jurisdicción", presentado el 27 de julio de 2020, es parte del expediente social del caso. *Art. 37(d) de la Ley Núm. 88 de 9 de julio de 1986*, según enmendada. El que se haya unido al expediente no afecta los derechos del menor a su trato justo, debido proceso de ley, presunción de inocencia o presunción de no incurso en las faltas imputadas.
>
> La vista sobre renuncia a jurisdicción no versa sobre determinaciones para encontrar incurso o no incurso al menor en las faltas imputadas. Se trata de un procedimiento <u>dispositivo</u>, no adjudicativo. *Véase* [,] *Pueblo en interés de menor R.H.M., 126 DPR 404, 423-426 (1990).* (Énfasis en el original) Véase, *Apéndice*, pág. 29.

Inconforme con dicho proceder, la representación legal del menor KDTG presentó una *Moción en solicitud de reconsideración y en solicitud de orden* ante el foro primario. Empero, el 7 de diciembre de 2020 el Tribunal de Primera Instancia notificó una *Resolución*, mediante la cual denegó dicha solicitud.

En específico, el foro primario reiteró que tanto la *Evaluación social sobre renuncia de jurisdicción* como su *Informe suplementario*, estaban "unidos" a un expediente

social, separado del expediente que recoge los asuntos procesales. Asimismo, el foro primario volvió a hacer referencia al caso de *Pueblo en interés menor R.H.M.*, 126 DPR 404, 426 (1990).

Aún en desacuerdo, el 4 de enero de 2021 el peticionario recurrió ante el Tribunal de Apelaciones, mediante una *Petición de certiorari*. En resumen, señaló que el foro primario había errado al permitir que la Procuradora de Menores radicara, con antelación a la vista adversativa, el *Informe* de la perito a ser utilizada para promover la renuncia de jurisdicción del menor KDTG. En cuanto a dicho recurso, el foro apelativo intermedio ordenó a la Oficina del Procurador General que se expresara sobre el mismo.

En su escrito en cumplimiento de orden, la Oficina del Procurador General arguyó que: 1) el expediente social es confidencial, pero está disponible a la defensa del menor, como parte de su derecho a tener una adecuada representación legal; 2) el hecho de que los informes estén en el expediente no releva al Ministerio Público de pasar la prueba necesaria para la renuncia de jurisdicción; 3) una vez se presenten los informes para su admisión durante la vista, la defensa tendrá la oportunidad de impugnarlos; 4) los informes colocados en el expediente social no han sido examinados por el foro primario, porque la vista no se ha celebrado; y 5) ni la Ley de Menores, *infra*, ni las Reglas de Procedimiento para

Asuntos de Menores, *infra*, contienen una prohibición expresa de la inclusión de los informes.[3]

Analizadas las comparecencias de las partes, el 24 de marzo de 2021 el Tribunal de Apelaciones emitió una *Resolución* sobre el asunto. Por medio de la misma, denegó expedir el auto solicitado. El foro *a quo* expresó que, a la luz de los criterios de la Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, no procedía la expedición del recurso. Igualmente, concluyó que el foro primario no había actuado de forma arbitraria, cometido un abuso de discreción o un error de derecho, o incidido de forma similar por lo que denegó intervenir en el caso.

En desacuerdo con dicha determinación, y tal como adelantamos, el menor KDTG acude ante nos mediante una *Moción solicitando la paralización de los procedimientos en auxilio de jurisdicción*.[4] En ésta, nos solicita que paralicemos la vista de renuncia de jurisdicción -- la cual se encuentra pautada para el próximo martes, 4 de mayo de 2021 -- mientras esta Curia evalúa cierta *Petición de certiorari* presentada por éste.

En su recurso, el peticionario sostiene, esencialmente, la misma alegación de error que formuló ante el Tribunal de Apelaciones. **En específico, aduce que, según establecido por las Reglas de Procedimiento para**

---

[3] A la vez, la Oficina del Procurador General sostuvo que el caso de *Pueblo de Puerto Rico en interés menor R.H.M.*, *supra*, disponía de los planteamientos del menor KDTG.

[4] El recurso de *certiorari* fue presentado el 31 de marzo de 2021, mientras que la moción en auxilio de jurisdicción fue presentada el 23 de abril de 2021.

**Asuntos de Menores,** *infra*, **y la jurisprudencia de esta Curia, durante la vista de renuncia de jurisdicción el Procurador o Procuradora tendrá el peso de presentar la prueba en apoyo de su moción, mientras que el menor podrá rebatir la misma, cuestionar su contenido e interrogar a las personas que suscriben los informes periciales. Por tanto, debe ser durante la vista -- y no antes -- que se presente la prueba.**

En ese sentido, sostiene que se debe notificar el *Informe* al cual hemos hecho referencia a la defensa para que se pueda preparar adecuadamente, pero no así adelantarle la prueba al tribunal. Ello, debido a que su efecto sería colocar al menor en desventaja y violentarle su debido proceso de ley.[5]

A base de lo anteriormente expuesto, la representación del menor KDTG nos solicita que se expida el auto de *certiorari*, que revoquemos la resolución recurrida y ordenemos el desglose de los informes periciales radicados por la Procuradora de Menores en la Secretaría del foro primario. Tras hacer la anterior exposición de hechos fundamentales, procedemos a esbozar el derecho aplicable a la controversia que nos ocupa.

II.

---

[5] Por otro lado, señalan que, según su experiencia, los expedientes legales y sociales se mantienen juntos, a saber, físicamente unidos.

Además, distinguen el caso de *Pueblo en interés menor R.H.M.*, *supra*, de los hechos del presente caso.

Como es sabido, la Ley de Menores, Ley Núm. 88 de 9 de julio de 1986, según enmendada, 34 LPRA sec. 2201 *et seq.*, delimita los contornos del sistema de justicia juvenil del Estado Libre Asociado de Puerto Rico. Dicho estatuto establece "un enfoque ecléctico de acción e intervención en el cual se armoniza la responsabilidad de *parens patriae* del Estado, en cuanto a la rehabilitación de los ofensores, con el deber de éstos de responder por sus actos". *Pueblo en interés menor G.R.S.*, 149 DPR 1, 11 (1999). Véase, Exposición de Motivos, Ley de Menores.

**En virtud de lo previamente esbozado, esta Curia ha reiterado que los procedimientos de menores son de carácter civil *sui géneris*, no de naturaleza penal.** (Énfasis suplido) *Pueblo en interés menor C.Y.C.G.*, 180 DPR 555, 569 (2011); *Pueblo v. Suárez*, 167 DPR 850 (2006). **Sin embargo, no es menos cierto que, con el transcurso del tiempo, los procesos de referencia han adoptado "matices de naturaleza punitiv[a]", por lo que continuamente se han reconocido mayores salvaguardas procesales durante los mismos.** *Pueblo en interés menor C.Y.C.G.*, supra; *Pueblo v. Suárez*, supra; *Pueblo en interés menor G.R.S.*, supra, págs. 11-12. **En ese sentido, la Ley de Menores, *supra*, debe ser interpretada de forma cónsona con sus propósitos, incluyendo "[g]arantizar a todo menor un trato justo, el debido procedimiento de ley y el reconocimiento de sus derechos constitucionales".**

(Énfasis suplido) Art. 2, Ley de Menores, 34 LPRA sec. 2202.

A tenor con lo anterior, esta Curia también ha sentenciado que "los derechos constitucionales que puede reclamar un menor en un procedimiento bajo la Ley de Menores de Puerto Rico surgen de los principios del debido proceso de ley y trato justo". *Pueblo en interés menor R.H.M.*, *supra*, pág. 424. Véase, también, *Pueblo en interés menores A.L.R.G. y F.R.G.*, 132 DPR 990 (1993). Esto, en parte, debido al hecho de que:

> [L]os menores imputados están sujetos, como los adultos, a la posible reclusión en una institución disciplinaria y, por ende, a la privación de su libertad, [y por eso] es que nuestro ordenamiento jurídico juvenil está predicado, no sólo en el principio de rehabilitación, sino también en el reconocimiento de que nadie será privado de su libertad y propiedad sin el debido proceso de ley. *Pueblo en interés menor G.R.S.*, *supra*, pág. 13.

En esa dirección, y en lo relacionado al debido proceso de ley que le asiste a todo menor que enfrenta un proceso como el que está aquí en controversia, debemos recalcar que éste se encuentra consagrado en el Art. II, Sec. 7, de la Constitución del Estado Libre Asociado de Puerto Rico, Const. ELA, LPRA, Tomo 1, y en la Decimocuarta Enmienda de la Constitución de los Estados Unidos, Emda. XIV, Const. EE. UU., LPRA, Tomo 1. En particular, el inciso pertinente de nuestra Carta Magna señala que "[n]inguna persona será privada de su libertad o propiedad sin debido proceso de ley". Art. II, Sec. 7,

Const. ELA, LPRA, Tomo 1. En esencia, el derecho al debido proceso de ley representa "la garantía fundamental de protección que tiene un ciudadano contra los posibles abusos o usos arbitrarios de poder que cometa el Estado". (Cita omitida) *Pueblo en interés menor C.Y.C.G.*, *supra*, pág. 568. Dicha protección es extensiva tanto al adulto, "como al menor imputado de falta". *Íd*, pág. 567.

III.

A.

Establecido lo anterior, conviene señalar aquí que la Ley de Menores, *supra*, contempla claramente los escenarios en que el Tribunal de Primera Instancia, Sala de Menores, posee jurisdicción sobre un menor. Asimismo, el estatuto de referencia establece el proceso mediante el cual un Procurador o Procuradora de Menores puede -- o, en algunas instancias, tiene -- que solicitar la renuncia de jurisdicción del referido foro. Véase, Art. 4 y 15, Ley de Menores, 34 LPRA secs. 2204, 2215. De igual forma, las Reglas de Procedimiento para Asuntos de Menores, aprobadas el 31 de diciembre 1986, especifican los detalles de dicho proceso. Véase, Capítulo 4, Reglas de Procedimiento para Asuntos de Menores, 34 LPRA Ap. I-A.

Sabido es que el proceso de renuncia de jurisdicción que se da en este tipo de caso conlleva "traslada[r] a un menor de una jurisdicción cuyo fin es rehabilitador a otra que lo juzga como adulto con la probabilidad de la pérdida de libertad por un periodo de tiempo prolongado". (Cita

omitida) *Pueblo v. Suárez*, *supra*. Véase, también, *Pueblo en interés menor R.H.M.*, *supra*, pág. 411. **Por tanto, el proceso de referencia representa una "<u>etapa crítica en el procesamiento</u>" de un menor.** *Íd.*

Sobre los aspectos procesales de dicha vista, la Regla 4.3 de las Reglas de Procedimiento para Asuntos de Menores, 34 LPRA Ap. I-A, R.4.3, establece que:

> Ante una solicitud de renuncia de jurisdicción debidamente fundamentada, el tribunal, dentro de los cinco (5) días posteriores a la presentación de la solicitud, ordenará el señalamiento de la vista y notificará al menor. La vista de renuncia de jurisdicción deberá celebrarse dentro de los veinte (20) días posteriores a la presentación de la solicitud.
>
> El señalamiento para la vista de renuncia de jurisdicción interrumpirá los términos dispuestos para la celebración de la vista adjudicativa. Si el tribunal determina no renunciar a la jurisdicción, el término aludido se reanudará a partir de la fecha en que se notifique tal resolución.

Por otra parte, la Regla 4.4 de las Reglas de Procedimiento para Asuntos de Menores, 34 LPRA Ap. I-A, R.4.4, dispone que:

> **<u>Durante la vista</u> [de renuncia de jurisdicción], <u>el Procurador presentará la prueba con que cuente en apoyo de su solicitud</u>**. El menor podrá rebatir la prueba y cuestionar el contenido de los **documentos presentados en evidencia**, así como interrogar a las personas que suscriban informes periciales.
>
> El tribunal resolverá a base de la **preponderancia de la prueba**. (Énfasis suplido).[6]

---

[6] Véase, D. Nevares-Muñiz, *Derecho de menores: delincuente juvenil y menor maltratado*, 7ma ed. rev., San Juan, Instituto para el Desarrollo del Derecho, Inc., págs. 38-39.

Así pues, al evaluar si debe o no renunciar su jurisdicción sobre un menor, los tribunales, durante la celebración de la mencionada vista, considerarán diversos factores: la naturaleza de la falta y las circunstancias que rodearon su comisión; el historial legal previo del menor, si alguno; el historial social del menor; y si el historial socioemocional así como las actitudes del menor hacia la autoridad hacen necesario establecer controles que no se pueden ofrecer por medio del tribunal. Art. 15, Ley de Menores, 34 LPRA sec. 2215.

En *Pueblo de Puerto Rico en interés menor R.H.M.*, *supra*, este Tribunal tuvo la oportunidad de interpretar los factores antes mencionados. Allí, por voz del entonces Juez Presidente Federico Hernández Denton, se discutieron los criterios a examinar en un proceso de renuncia de jurisdicción. Sobre los dos (2) últimos factores, los cuales están dirigidos a evaluar el historial social y socioemocional del menor, expresamos:

> La intervención de los profesionales de la conducta humana (entiéndase trabajadores sociales, sicólogos y siquiatras, entre otros) es necesaria en esta etapa ya que es de ayuda al Tribunal de Menores en el examen de una serie de aspectos relacionados con la conducta, comportamiento social y controles externos e internos del menor. La evaluación debe concluir si el menor tiene o no un potencial rehabilitador en las instituciones diseñadas para menores. (Énfasis suplido) *Íd*, pág. 415.

Es decir, los referidos informes son uno de los recursos a la disposición del juez o jueza, para estar en posición de "considerar las posibilidades de rehabilitación del

menor y si el interés de la sociedad se beneficia con el hecho de mantenerlo bajo su tutelaje". *Íd*, pág. 417.

De igual forma, en esa ocasión, este Foro atendió una alegación de error distinta a la de epígrafe, fundamentada en "si se le violó [el] derecho [al peticionario] a no incriminarse y a estar asistido de abogado, cuando se le permitió al Procurador someter al menor a evaluaciones hechas por peritos en conducta humana contratados por el Estado sin previa notificación a su defensa y sin las debidas advertencias". *Pueblo en interés menor R.H.M.*, *supra*, pág. 424.

Así las cosas, en aquella instancia, y en lo pertinente a la alegación de los informes sociales, sentenciamos que no violentan su derecho a no incriminarse, toda vez que éstos se centran en las emociones y personalidad del menor, no así hechos específicos por los cuales será juzgado. *Íd*, pág. 425. Así, también señalamos que no se violentaba su derecho a estar asistido por un abogado, ya que -- aun si dichos informes eran confidenciales -- el representante legal del menor podía examinar los mismos.[7] *Íd*, pág. 426. Como explicaremos más adelante, tal no es el caso de autos.

---

[7] Consideramos útil hacer una breve aclaración en cuanto a la determinación del foro primario sobre la moción de reconsideración presentada por el menor KDTG. Al emitir su *Resolución* en torno a la solicitud de desglose, el foro primario expresó que los "informes esta[ban] 'unidos' a un expediente social separado del expediente que recoge los asuntos procesales del caso". A esos fines, citó al caso de *Pueblo interés del menor R.H.M.*, *supra*. No obstante, sus fundamentos son errados. El caso de referencia sólo señala la naturaleza confidencial del expediente del menor y recalca que el representante legal de éste tendrá acceso al mismo. **Es decir, nada tiene que ver con la presente controversia.**

B.

De otra parte, y debido a su importancia para la correcta disposición de la presente controversia, es útil destacar que las Reglas de Procedimiento para Asuntos de Menores, *supra*, especifican la forma y contenido del expediente judicial de un menor. A esos fines -- y en lo pertinente -- el estatuto de referencia dispone:

> A todo menor a quien se le radique una querella [,] se le abrirá un expediente judicial que constará de dos (2) partes: una legal y otra social.
>
> En la **parte legal** se archivará el original de la querella, el certificado de nacimiento del menor, las citaciones, las resoluciones y órdenes que dicte el tribunal, las alegaciones y cualesquiera otros escritos o mociones relacionados con el caso, **así como todo documento presentado en evidencia**, incluyendo los informes de los peritos.
>
> En la **parte social** se archivarán los **informes sometidos por el especialista y técnico en relaciones de familia al tribunal sobre el estudio social y la supervisión del menor y cualesquiera otros informes de evaluación del menor**. (Énfasis suplido) Regla 10.1, Reglas de Procedimiento para Asuntos de Menores, 34 LPRA Ap. I-A, R.10.1.[8]

Sobre el particular, la Dra. Dora Nevares-Muñiz nos indica que:

> La **parte legal** incluye la queja, la orden de aprehensión o de citación, la querella, el certificado de nacimiento del menor, las citaciones, resoluciones y órdenes que dicte el tribunal, las alegaciones, cualquier escrito sometido por las partes **y los documentos presentados en evidencia**, **incluyendo los informes de los peritos.**

---

[8] Valga precisar que, en dicho contexto, el especialista y el técnico en relaciones de familia están adscritos a la Rama Judicial, el primero siendo un trabajador social, mientras que el segundo es un profesional en el área de la conducta humana. Art. 3, Ley de Menores, 34 LPRA sec. 2203. Sus labores, en esencia, están relacionadas a asistir al tribunal y supervisar el menor, no así fungir como peritos de las partes. Art. 13 y 14, Ley de Menores, 34 LPRA secs. 2213-2214.

> La **parte social**, que está en un sobre dentro del expediente judicial, **incluye los documentos relacionados con el estudio social [del tribunal], estudios sicológicos y/o siquiátricos que solicite el tribunal, y los informes de progreso y evaluación del menor.** (Énfasis suplido) Nevares-Muñiz, *op. cit.*, págs. 86-87.

De lo anterior se desprende que en la parte social del expediente judicial sólo obrarán los informes sociales solicitados por el mismo tribunal o producidos durante el proceso de supervisión del menor, no así los informes periciales de las partes. Éstos últimos, según expuesto en las Reglas de Procedimiento para Asuntos de Menores, *supra*, deben ser incluidos en la parte legal del expediente judicial, una vez presentados en la vista de renuncia de jurisdicción.

Ahora bien, el expediente judicial al que hemos aludido está revestido de confidencialidad, así que no está sujeto a ser evaluado por el público. Nevares-Muñiz, *op. cit.*, pág. 88. Empero, podrá ser evaluado por la representación legal del menor, el Procurador de Menores o funcionarios del tribunal bajo estrictas circunstancias. *Íd.*

A su vez, y en el contexto específico de la renuncia de jurisdicción, los expedientes judiciales y su contenido son determinantes. **Ello, ya que los informes incluidos en éstos tienen el propósito de "elaborar un cuadro general para poner en posición al juzgador de declinar el ejercicio de su jurisdicción, conforme a los factores del**

**Art. 15 de la Ley de Menores de Puerto Rico**". *Pueblo en interés menor R.H.M.*, *supra*, pág. 425.

Es, pues, a la luz de la normativa antes expuesta que procedemos a atender la controversia ante nuestra consideración.

IV.

De entrada, es menester aclarar que estamos ante un escenario extremadamente particular. En esencia, la controversia bajo estudio se limita a determinar si es permisible que se mantenga en la parte social del expediente judicial de un menor de edad un informe social de un perito de la Procuradora de Menores, presentado antes de que se celebre cierta vista de renuncia de jurisdicción. Entendemos que no. Lo anterior, a todas luces, lacera los más básicos principios del trato justo y el debido proceso de ley. Nos explicamos.

Comenzamos señalando que, si bien es cierto que la vista de renuncia de jurisdicción es de naturaleza dispositiva, no es menos cierto que tiene repercusiones monumentales para el menor de edad; se trata sin duda, como este Tribunal ha sentenciado previamente, de una "etapa crítica en el procesamiento". Véase, *Pueblo v. Suárez*, *supra*. Es en virtud de "la magnitud de ese traslado, por los efectos serios que puedan surgir y para cumplir con las garantías de un debido proceso de ley" que la Ley de Menores, *supra*, enumera unos criterios que el tribunal debe evaluar al momento de auscultar renunciar

a su jurisdicción sobre un menor. *Pueblo en interés menor R.H.M.*, *supra*, págs. 411-412.

Es, precisamente, mediante los informes sociales que el tribunal evalúa dichos criterios. Así pues, evidentemente los informes sociales son un factor determinante que va a la médula de la controversia ante la consideración del tribunal: si el menor y la comunidad se ven beneficiados por que éste se mantenga bajo la jurisdicción del sistema de justicia juvenil o si procede que se le procese como adulto, con todas las consecuencias que ello conlleva.

En lo concerniente al presente caso, y relacionado a lo anteriormente expuesto, debemos recordar que el informe que está aquí en controversia fue elaborado por la señora Rodríguez Orsini, Trabajadora Social adscrita al Departamento de Justicia de Puerto Rico. **Ésta fue oportunamente anunciada como testigo-perito del Estado, precisamente para fundamentar y sostener la solicitud de renuncia de jurisdicción presentada por la Procuradora de Menores.** Como se puede colegir, dicho informe es materia de prueba, y debido a la importancia trascendental que el mismo puede tener en la dilucidación de la vista de renuncia de jurisdicción, no puede ser incluido en el expediente judicial antes de la celebración de la vista de referencia.

De modo que, en instancias -- como el presente caso -- donde una parte presenta un informe pericial, el cual obra en la sección social del expediente judicial, podemos

concluir que no sólo estaría mal ubicado conforme a las Reglas de Procedimiento para Asuntos de Menores, *supra*; sino que -- al obrar en el expediente previa la celebración de la referida vista -- sería prematuro, contrario al derecho aplicable y al debido proceso de ley que le asiste al menor KDTG.

Decidir lo contrario significaría avalar la posibilidad de que el juzgador de los hechos se prejuicie en torno a los factores enumerados en el Art. 15 de la Ley de Menores, *supra*. Esto, ya que -- como es sabido -- el expediente de un menor es confidencial, pero sólo en cuanto al público. Nada impide que el juez o jueza, cuando así lo desee, verifique el contenido del mismo.

Por otro lado, consentir a la admisión de un informe a un expediente *antes* de que se celebre la vista para la cual fue preparado, sería altamente anómalo. No podemos concebir una circunstancia donde esté accesible para el tribunal un informe -- determinante para su decisión -- previo a la celebración de la vista. **En efecto, sería incluir evidencia antes de pasar juicio sobre su admisibilidad.**

Establecido lo anterior, somos del criterio que -- en vista de la importancia de este tipo de informe en el proceso de renuncia de jurisdicción, de la naturaleza de los procesos de la Sala de Menores, y al palio del trato justo y el debido proceso de ley -- era impermisible que el foro primario permitiera la inclusión de la *Evaluación social sobre renuncia de jurisdicción* y su *Informe*

*suplementario* en el expediente judicial del menor KDTG. Por tanto, erró el Tribunal de Apelaciones al no expedir el recurso de *certiorari* presentado por el menor KDTG.

En fin, consideramos desacertado añadir un escollo adicional para los menores sujetos al sistema de justicia juvenil, toda vez que éstos y éstas también son ciudadanos y ciudadanas con derechos.

V.

Conforme a los fundamentos antes expuestos, hubiésemos acogido la moción en auxilio de jurisdicción presentada por el menor KDTG, paralizado los procesos ante el foro primario y expedido la petición de *certiorari* ante nuestra consideración, para así revocar las determinaciones del Tribunal de Primera Instancia y el Tribunal de Apelaciones. Por no ser ese el proceder de este Tribunal, disentimos.

Ángel Colón Pérez
Juez Asociado