Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Parte Peticionaria<br><br>v.<br><br>CHRISTOPHER JOEL PÉREZ TALAVERA<br><br>Parte Recurrida | KLCE202500142 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>Caso Núm.: A1VP202401330 AL A1VP202401335<br><br>Sobre:<br>Art. 93(B) CP (1er grado);<br>Art. 6.06 Ley 168 (3 cargos);<br>Tent. Art. 93.A CP (2 cargos) |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores

Rodríguez Flores, juez ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 20 de mayo de 2025.

Comparece el Pueblo de Puerto Rico, representado por el Procurador General de Puerto Rico y solicita que revoquemos la *Sentencia* emitida el 19 de diciembre de 2024, notificada en igual fecha por el Tribunal de Primera Instancia (TPI), Sala Superior de Aguadilla. Mediante el referido dictamen, el TPI desestimó las denuncias presentadas contra Christopher Joel Pérez Talavera (Sr. Pérez Talavera), basó su determinación en que carece de jurisdicción para atender los hechos en controversia, pues al Sr. Pérez Talavera se le imputó un asesinato estatutario conforme definido en el Artículo 93, **inciso (b)** del Código Penal de Puerto Rico[1] y dichas denuncias debieron presentarse ante la Sala de Menores. Lo anterior, pues concluyó que, conforme el Artículo 4(2)(a) de la Ley de Menores de Puerto Rico[2], solo el asesinato en primer grado

---

[1] 33 LPRA § 5142.
[2] Ley 88-1986, según enmendada, conocida como *Ley de Menores de Puerto Rico.*

conforme estatuido en el **inciso (a)** del Artículo 93, es el que está automáticamente excluido de la jurisdicción de la Sala de Menores, por lo que, ante un caso de asesinato estatutario conforme al **inciso (b)** del Artículo 93, corresponde iniciar el procedimiento ante la Sala de Asuntos de Menores, de conformidad con el procedimiento especial de menores y, posteriormente, determinar si procede la renuncia de jurisdicción de dicha sala. En virtud de lo anterior, el TPI desestimó las denuncias presentadas.[3]

Examinados los escritos presentados, a tenor con lo dispuesto en la Regla 40 de nuestro Reglamento, y por los fundamentos que expondremos a continuación, se expide el auto de *certiorari* y se **revoca** el dictamen recurrido.

En consecuencia, se reactivan las denuncias y se ordena el envío del caso a la Sala de Asuntos de Menores, para la continuación de los trámites correspondientes en contra del Sr. Pérez Talavera.[4]

**I.**

El 23 de agosto de 2024, el Ministerio Público presentó seis (6) denuncias contra Christopher J. Pérez Talavera, por hechos ocurridos el 21 de julio de 2024; a saber: tres por infracción al Art. 6.06 de la Ley Núm. 168-2019, *Ley de Armas de Puerto Rico de 2020*[5] sobre portación y uso de armas blancas; una (1) por violación al Art. 93(b) del Código Penal de Puerto Rico, sobre asesinato estatutario, y dos (2) por la tentativa del Artículo 93(a) del referido Código, sobre asesinato en primer grado. Conforme surge de la denuncia, el imputado nació el 29 de diciembre de 2007, por lo que, a la fecha de comisión de los delitos imputados, el Sr. Pérez Talavera era menor de edad.

---

[3] Apéndice del recurso, página 6.
[4] Entiéndase la determinación de causa para aprehensión, presentación de alguna querella y/o determinación de renuncia a su jurisdicción, según procedan.
[5] 25 LPRA § 466e.

Oportunamente, el TPI celebró la vista[6] para determinar causa para arresto. A solicitud del Ministerio Público, y luego que se acreditaran los esfuerzos para tratar de localizar al Sr. Pérez Talavera, el foro primario celebró la vista en ausencia. Desfilada la prueba testifical[7], **el TPI determinó causa para arresto por el delito de asesinato estatutario**[8] y demás delitos imputados. La vista preliminar quedó señalada para el 17 de diciembre de 2024.

El 2 de diciembre de 2024, el Sr. Pérez Talavera, representado por su abogada[9], presentó una *Moción Desestimación de Denuncias por Falta de Jurisdicción sobre el Delito Imputado 64(B) Procedimiento Criminal de 1963, Según Enmendada.* En síntesis, alegó que, conforme establece el Artículo 4(2)(a) de la *Ley de Menores de Puerto Rico*[10]*,* supra*,* la Sala Criminal no ostenta jurisdicción sobre el delito imputado contra el Sr. Pérez Talavera, pues al este ser un menor de diecisiete (17) años e imputársele el delito de asesinato estatutario, quien ostenta la jurisdicción sobre este es la Sala de Asuntos de Menores. Señaló que, conforme surge del citado artículo, la instancia en que la Sala de Menores no tendrá autoridad sobre los casos de menores de quince (15) años es cuando se le impute "la comisión de asesinato en primer grado según definido en **el inciso (a)** del Artículo 93 del Código Penal de Puerto Rico."

Por su parte, el 6 de diciembre de 2024, el Ministerio Público presentó su *Oposición a Moción de Desestimación y Solicitud de Enmienda a Denuncia.* En síntesis, alegó que no procedía la desestimación de las denuncias, pues en estas consignó tanto la

---

[6] Debido a que el imputado es menor de veintiún (21) años, la Hon. Brenda Huertas Acevedo, Procuradora de Menores, estuvo presente durante la vista.

[7] Durante la vista declaró la madre de la víctima, Sra. Wyldary Estrella, y el Agte. Juan C. Rosado Figueroa de la Unidad de Homicidios de Aguadilla.

[8] La denuncia lee: "CP Art. 93.B 1er Grado (2012)-Asesinato en Primer Grado (Toda muerte que". Para la fecha de los hechos que nos ocupan el Artículo 93 (b) había sido enmendado por la **Ley Núm. 246 de 26 de diciembre de 2014**. En términos generales sustituyó en el inciso (b) "muerte" por "asesinato" y suprimió "causada al consumar, intentar, o encubrir un delito grave"

[9] Lcda. Ana María Strubbe Ramírez.

[10] Ley 88-1986, según enmendada, conocida como *Ley de Menores de Puerto Rico.*

definición de asesinato en primer grado, conforme al inciso (a), como la definición conforme al inciso (b) del citado artículo. El Ministerio Público basó su argumento en que, conforme pautado por el Tribunal Supremo de Puerto Rico en *Pueblo v. Carballosa Vázquez*[11], cuando un delito puede cometerse en dos (2) o más formas o modalidades, puede incluirse en un (1) solo cargo de la acusación todas las modalidades que alegadamente se cometió el delito.[12] Arguyó que, el hecho de que no se haya mencionado en el *título* de la denuncia el inciso (a) del Artículo 93 del Código Penal, supra, no quiere decir que no se le hayan imputado ambas modalidades al Sr. Pérez Talavera, pues dicho delito surgía de la descripción de los hechos en la denuncia.[13] Por tanto, sostuvo que procedía procesar al Sr. Pérez Talavera como adulto y que la Sala de Menores no tenía autoridad para conocer sobre el presente caso. Por lo anterior, el Ministerio Público solicitó se declarase no ha lugar la solicitud de desestimación presentada y solicitó la enmienda de la denuncia a los efectos de incluir el inciso (a) del Artículo 93 en el título de la denuncia.

El 19 de diciembre de 2024, el TPI emitió la sentencia recurrida. En lo aquí pertinente, el foro primario consignó que, luego de escuchar los argumentos de las partes durante la vista preliminar, determinó en corte abierta que procedía la desestimación de la denuncia y ordenar el traslado del caso a la Sala de Asuntos de Menores. El TPI señaló que, *entre las denuncias*

---

[11] 130 DPR 842, 856-857 (1992).

[12] *Íd.*, pág. 856-857.

[13] El texto de la denuncia lee como sigue:

> El referido imputado CHRISTOPHER JOEL PÉREZ TALAVERA, allá o para el 21 de julio de 2024, en Aguadilla, Puerto Rico, que forma parte de la jurisdicción del Tribunal de Primera Instancia de Puerto Rico, Sala Superior de Aguadilla, ilegal, voluntaria, a propósito y con conocimiento, en común y mutuo acuerdo con YADRIEL O. MALDONADO HERNÁNDEZ, ocasionó la Muerte al ser humano Abdiel Doel Rivera Estrella. Consistente en que el imputado le propinó 12 heridas aproximadamente, con un arma blanca al señor Abdiel Doel Rivera Estrella que le provocaron la muerte, mientras se cometía el delito de agresión agravada. Hechos contrario a la ley. (Énfasis nuestro).

*presentadas* en contra del Sr. Pérez Talavera, se incluyó el delito de asesinato estatuario, según tipificado en el Artículo 93(b) del Código Penal de Puerto Rico, al perpetrarse una alegada agresión grave. Por tanto, el TPI concluyó que la denuncia no debió presentarse ante la Sala Criminal, sino ante la Sala de Asuntos de Menores. Lo anterior pues, porque el asesinato estatutario no está entre los delitos precluidos por el Artículo 4(2) de la *Ley de Menores*, supra, por lo que la Sala de Asuntos de Menores sí tiene autoridad para conocer sobre el mismo. Así, el TPI concluyó que, conforme el Artículo 15 de la Ley de Menores, supra, en los casos que a una persona menor de edad que sea mayor de catorce (14), pero menor de dieciocho (18) años de edad, se le impute el delito de asesinato en primer grado bajo el inciso (b), corresponde que se inicie el procedimiento conforme al proceso especial de menores y posteriormente determinar si procede la renuncia de jurisdicción de la Sala de Asuntos de Menores. Al concluir que la Sala de Menores era quien tenía *autoridad* para conocer en el caso, el TPI se declaró sin *jurisdicción* sobre el mismo, y determinó lo siguiente:

> "[E]n consecuencia que este tribunal carece de jurisdicción, el tribunal revierte su determinación en sala ordenando el traslado del caso a la Sala de Asuntos de Menores. Ello en vista de que, ante la falta de jurisdicción, este tribunal solo tiene autoridad para archivar el caso."[14]

Por lo anterior, el foro *a quo* declaró con lugar la desestimación solicitada por la defensa, desestimó las denuncias presentadas en contra del Sr. Pérez Talavera y ordenó el archivo de estas.

Inconforme, el Ministerio Público presentó una *Moción de Reconsideración,* en la que reiteró los argumentos plasmados en su oposición a la desestimación de las denuncias. El foro primario denegó la solicitud de reconsideración.

---

[14] *Íd.*, pág. 6.

Aun insatisfecho, el Ministerio Público acude ante nos vía *Certiorari* y formula el siguiente señalamiento de error:

> El Tribunal de Primera Instancia erró y abusó de su discreción al desestimar las denuncias de epígrafe, por entender que no podía asumir, de forma automática, jurisdicción sobre el Sr. Christopher J. Pérez Talavera, ya que el Ministerio Público le imputó la comisión de un asesinato estatutario.

Oportunamente, el Sr. Pérez Talavera presentó su alegato en oposición.[15] Con el beneficio de la comparecencia de las partes, resolvemos.

## II.

## A.

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de superior jerarquía puede revisar, a su discreción, una decisión interlocutoria de un tribunal inferior.[16]

La Regla 40 del Reglamento de este Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*. Sobre el particular dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

---

[15] Junto con su alegato en oposición, el Sr. Pérez Talavera acompañó un disco compacto (CD) que contiene la regrabación de la vista de determinación de causa para arresto (Regla 6).

[16] *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce De León v. AIG,* 205 DPR 163, 174 (2020).

F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

**B.**

La *Ley de Menores de Puerto Rico*[17], es el estatuto elaborado para reglamentar los "procedimientos investigativos, judiciales y ejecutivos en los casos de menores que incurren en conducta constitutiva de delito, según tipificada en el Código Penal o en las leyes especiales".[18] Esta ley es un reflejo de un enfoque penal ecléctico en el cual se busca armonizar el rol de *parens patriae* del Estado de velar por la rehabilitación del menor ofensor y de forma simultánea exigirle al menor responsabilidad por sus actuaciones. Sin minimizar la responsabilidad del Estado en velar por la seguridad de la sociedad en general.[19]

### La jurisdicción de la Sala de Asuntos de Menores

En lo aquí pertinente, el Artículo 4 del referido estatuto establece los parámetros de la jurisdicción de la Sala de Asuntos de Menores. Cabe mencionar que el Artículo 4 de la Ley de Menores, *supra*, enfatiza la importancia de la edad que tenga el menor a la fecha de los hechos imputados para determinar la jurisdicción de la Sala de Menores.[20] No obstante, además del factor de la edad deben tomarse en cuenta otras circunstancias enumeradas en el artículo antes citado para verificar la jurisdicción de la Sala de Menores sobre un menor en particular.[21] A tenor, el inciso (1)(a) del Artículo 4, establece que el tribunal tendrá *autoridad* para conocer todo caso en que se impute conducta que constituya falta a un(a) menor de trece (13) años o más, incurrida antes de cumplir dieciocho (18)

---

[17] Ley Núm. 88 de 9 de julio de 1986, según enmendada, 34 LPRA sec. 2201 *et seq.*
[18] *Pueblo en interés menores C.L.R. y A.V.L.*, 178 DPR 315, 323 (2010).
[19] *Pueblo v. Suárez*, 167 DPR 850, 856-857 (2006).
[20] *Pueblo v. Villafañe Marcano*, 183 DPR 50 (2011).
[21] *Íd.*

años. Lo anterior, sujeto al periodo prescriptivo dispuesto en las leyes penales para la conducta imputada.

Ahora bien, el inciso (2)(a) expresamente dispone que el tribunal no tendrá autoridad para atender los casos en los que se le impute a un menor que hubiere cumplido quince (15) años de edad la comisión de hechos constitutivos de asesinato en primer grado según definido en el inciso (a) del Artículo 93 del código Penal de Puerto Rico.[22] Lo mismo ocurre si a un menor que hubiere cumplido quince (15) años de edad le ha sido imputada la comisión de hechos constitutivos de delito que surjan de la misma transacción o evento constitutivo de asesinato en primer grado conforme al inciso (a) del Artículo 93 del Código Penal o cuando se le impute hechos constitutivos de delito cuando se le hubiese adjudicado previamente como un delito grave como adulto.[23] En estas instancias, el menor imputado será procesado como adulto.[24]

La Profesora Dora Nevares-Muñiz aclara que la falta de jurisdicción de una Sala de Menores en las situaciones planteadas en los apartados (a) y (b) del inciso 2 del Artículo 4, de la Ley de Menores, *supra,* se activan "al momento de acudir a los tribunales ordinarios y allí se determina causa probable contra un menor de quince años o más por un delito de asesinato en primer grado en cualquiera de sus modalidades: utilizar veneno, acecho, tortura, a propósito, o con conocimiento; y cualquier otro delito que surja de ese mismo evento".[25] En cuanto al apartado (c), la profesora Nevares comenta que "una vez el menor ha sido juzgado y convicto como adulto, ello significa que tiene la madurez e imputabilidad requerida para ser tratado como tal y al incurrir en conducta delictiva futura

---

[22] 34 LPRA sec. 2204 (2)(a).
[23] 34 LPRA sec. 2204 (2) (b), (c).
[24] 34 LPRA sec. 2204 (3).
[25] D. Nevares-Muñiz, Derecho de Menores: Delincuente Juvenil y Menor Maltratado, 8va ed. Revisada, San Juan, Instituto para el Desarrollo del Derecho, 2024, págs. 37-38.

debe ser tratado como adulto".[26]  Por consiguiente, en estas tres situaciones, el menor deberá ser procesado como un adulto.[27] En esos casos el Tribunal de Menores no ejerce discreción alguna, por cuanto se trata de una exclusión legislativa de autoridad para procesarlo.[28]

Por otro lado, el inciso (4) y (5) del citado Artículo establece las instancias en que la Sala de lo Criminal conserva jurisdicción sobre el menor y cuándo procede trasladar la causa a la sala con autoridad conforme la Ley de Menores. Estos leen como sigue:

> (4) **La Sala Criminal del Tribunal General de Justicia conservará jurisdicción sobre el menor aun cuando haga alegación de culpabilidad o medie convicción por un delito distinto al asesinato según definido en el inciso (a)** del Artículo 106 del Código Penal del Estado Libre Asociado de Puerto Rico *[Nota: Sustituido por el Art. 93 de la Ley 146-2012, según enmendada, "Código Penal de Puerto Rico" (33 L.P.R.A. §§ 5001 et seq.)].* **Igualmente, conservará jurisdicción cuando el Tribunal de Primera Instancia, Sala de Menores, hubiere renunciado a la jurisdicción del menor y en el procedimiento ordinario como adulto al menor se le archivaran los cargos o se le encontrara no culpable.**

Por su parte, el inciso 5 establece lo siguiente:

> Cuando un magistrado determine la existencia de causa probable **por un delito distinto al asesinato, según definido en el inciso (a) … éste y cualquier otro delito que surgiere de la misma transacción se trasladará al tribunal que ejerza su autoridad bajo las disposiciones de esta ley** y éste retendrá y conservará jurisdicción, según se dispone en el Artículo 5 de esta Ley.

(Énfasis nuestro).

En síntesis, cuando originalmente se imputa una denuncia en los tribunales ordinarios por un delito de asesinato en primer grado en cualquiera de las modalidades excluidas de la jurisdicción de la Sala de Menores, pero el juez encuentra causa probable por una modalidad o delito distinto, deberá continuar el procedimiento

---

[26] *Íd.*, pág. 38.
[27] *Íd.*; Art. 4 de la Ley de Menores, *supra.*
[28] D. Nevares-Muñiz, supra, pág. 39 y *Rodríguez Rodríguez v. ELA,* 130 DPR 579 (1992).

conforme la Ley y Reglas de Menores por esa falta y las que formen parte del mismo curso de conducta. En ese caso deberá procederse con el traslado de la causa a la Sala de Menores, para seguir con los trámites ulteriores, sin perjuicio de que el Tribunal de Menores opte por renunciar a su jurisdicción.[29] Por último, el Artículo 2.17 de las Reglas de Procedimiento para Asuntos de Menores[30], también dispone lo siguiente:

> **Regla 2.17. Procedimiento en casos de menores referidos del procedimiento criminal ordinario**
>
> En aquellos casos en que, luego de celebrada una vista de causa para arresto o una vista de causa probable conforme a la Regla 23 de las de Procedimiento Criminal de 1963, según enmendadas, se determine que el imputado es menor de edad, **el magistrado ordenará la remisión del expediente al Procurador para la presentación de la querella que proceda ante el Tribunal Superior para Asuntos de Menores y procederá a la cancelación de la fianza que se haya prestado.** En aquellos casos en que se haya imputado al menor que hubiere cumplido catorce (14) años de edad el delito de asesinato **y el magistrado determine la existencia de causa probable por un delito distinto al asesinato, ordenará la remisión del expediente de éste y cualquier otro delito que surgiere de la misma transacción al Procurador para la presentación de la querella que proceda ante el Tribunal Superior para Asuntos de Menores** y procederá a la cancelación de la fianza que se haya prestado.
>
> …
>
> (Énfasis nuestro).

Conforme lo anteriormente expuesto, una vez celebrada la vista de causa para arresto o vista de causa probable, según sea el caso, y se determine que el imputado es menor de edad, el magistrado tiene que ordenar la remisión del expediente al Procurador para la presentación de la querella correspondiente ante la Sala de Asuntos de Menores. Asimismo, en aquellos que casos en que el imputado por el delito de asesinato hubiere cumplido catorce (14) años y se determine causa por un delito distinto al asesinato, el

---

[29] *Íd.*, pág. 39.
[30] 34 LPRA I-A, R. 2.17.

juez debe remitir éste y cualquier otro delito que surja de la *misma*

transacción al Procurador para el trámite correspondiente ante la

Sala de Asuntos de Menores.

### Renuncia de Jurisdicción de la Sala de Menores

El Art. 15 de la Ley de Menores, establece las instancias en

las que una Sala de Menores, previa solicitud del Procurador, podrá

renunciar a la jurisdicción sobre un menor y otras en las que el

Procurador tiene el deber de promover la renuncia de jurisdicción

sobre un menor.[31] En cuanto a la renuncia de jurisdicción, previa

solicitud del Procurador, el inciso (a) establece lo siguiente:

> (a) Solicitud por Procurador. — El Tribunal, a solicitud del Procurador, podrá renunciar la jurisdicción sobre un menor que sea mayor de catorce (14) años y menor de dieciocho (18) años, a quien se le impute cualquiera de las faltas que imputen **alguna de las modalidades del delito de asesinato que el tribunal tenga autoridad de atender** y aquellas faltas que imputen el delito de agresión sexual. El Procurador deberá efectuar dicha solicitud mediante moción fundamentada cuando considere que entender en el caso bajo las disposiciones de esta Ley no responderá a los mejores intereses del menor y de la comunidad. *Íd.* (Énfasis nuestro).

En cuanto a las instancias en que el Procurador debe

promover la solicitud de renuncia de jurisdicción, el referido artículo

dispone lo siguiente:

> El Procurador General **deberá** promover la solicitud de renuncia de jurisdicción en los siguientes casos:
>
> (1) Cuando se impute a un menor que sea mayor de catorce (14) años la comisión de hechos constitutivos de asesinato **en la modalidad que está bajo la autoridad del tribunal**, cualquier otro delito grave de primer grado, y cualquier otro hecho delictivo que surja de la misma transacción o evento.
> [...] (Énfasis nuestro).

Al integrar dicho artículo con lo preceptuado en el Artículo

4(2)(a) de la Ley de Menores, se distingue que, aun cuando la *Ley de*

*Menores* no excluyó de forma expresa la autoridad de la Sala de

Menores en cuanto a las demás modalidades del delito de asesinato,

---

[31] 34 LPRA sec. 2215.

aun así el Procurador de Menores tiene el deber de promover la renuncia de jurisdicción en aquellos casos en que a una persona mayor de catorce (14) años y menor de (18) años de edad se le impute la comisión de hechos constitutivos de asesinato bajo la modalidad que esté bajo la autoridad de la Sala de Menores, es decir, aquellas modalidades no excluidas de la autoridad de dicha sala por el Artículo 4(2)(a) de la Ley de Menores, supra. Dicho de otro modo, aun cuando la Sala de Asuntos de Menores tiene autoridad para conocer sobre las modalidades de asesinato no excluidas por el citado artículo, el Procurador de Menores tiene el deber de promover la renuncia de jurisdicción de la Sala de Menores.[32]

A tenor con el marco doctrinal antes delineado, resolvemos.

**III.**

En su recurso, el Procurador General arguye que el foro primario incidió al desestimar las denuncias presentadas contra el Sr. Pérez Talavera, por dicho foro entender que no podía asumir automáticamente jurisdicción sobre éste debido a que se le imputó el delito de asesinato estatutario. Veamos.

De una lectura sosegada del dictamen recurrido, se desprende que, aun cuando el foro primario reconoció que por virtud de la Ley de Menores, quien tenía autoridad para conocer el caso era la Sala de Asuntos de Menores, este incidió al no remitir la causa a dicha sala. Conforme expusimos anteriormente, la exclusión de autoridad de la Sala de Menores para conocer de casos en que **se impute del delito de asesinato conforme el inciso (a)** del Artículo 93 a un menor que hubiere cumplido quince (15) años, no comprende el resto de las modalidades del delito de asesinato, por lo que dicha sala sí tiene autoridad para conocer sobre éstas.

---

[32] 34 LPRA § 2215 (a)(1).

Igualmente, el referido estatuto dispone que, en los casos que se le impute a un menor mayor de catorce (14) años la comisión de hechos constitutivos de asesinato en la modalidad que esté bajo la autoridad del tribunal, cualquier otro delito grave de primer grado, y cualquier otro hecho delictivo que surja de la misma transacción o evento, el Procurador debe promover la renuncia de la jurisdicción de la Sala de Asuntos de Menores.

Además, en los casos en que se acude ante los tribunales ordinarios, el Artículo 4(5) de la *Ley de Menores* dispone expresamente que, cuando un magistrado determine la existencia de causa probable por **un delito distinto al asesinato, según definido en el inciso (a)** del Artículo 106, hoy artículo 93 del Código Penal de Puerto Rico, dicho delito, así como cualquier otro que surgiere de la misma transacción se trasladará al tribunal que ejerza su autoridad bajo las disposiciones de esta ley y dicho foro *retendrá y conservará* jurisdicción, de conformidad con el Artículo 5 de la Ley de Menores, supra.

En virtud de lo anterior, y ante el hecho de que, en el presente caso, el TPI determinó causa probable por el delito de asesinato estatutario de conformidad con el inciso (b) del Artículo 93 –es decir– por un delito *distinto* al asesinato conforme definido en el inciso (a), procedía que el TPI trasladara éste y los demás delitos que surgieron de la misma transacción a la sala del tribunal que ejerce su autoridad, que es la Sala de Asuntos de Menores. Asimismo, ante el hecho de que el Sr. Pérez Talavera es mayor de catorce (14) años y se le imputó la comisión de un asesinato en la modalidad que está bajo la autoridad de la Sala de Menores, el Procurador de Menores tiene el deber de promover la renuncia de jurisdicción ante dicha sala.

IV.

Por los fundamentos antes expuestos, se expide el auto y se revoca la *Sentencia* recurrida. Por consiguiente, se reactivan las denuncias presentadas contra Christopher Joel Pérez Talavera y se ordena el envío del caso a la Sala de Asuntos de Menores, para la continuación de los trámites correspondientes.  Salvo el Ministerio Público haya presentado o presente una nueva denuncia que impute el asesinato en primer grado conforme al inciso (a) del Código Penal del 2012, según enmendado.

**Notifíquese inmediatamente.**

Lo acuerda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones. El juez Pagán Ocasio disiente, sin opinión escrita, al entender que la renuncia de jurisdicción de la Sala de Menores es automática, bajo los delitos imputados y los hechos de este caso.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones